**In the Interest of S.D. and K.D., Minor Children,**

**D.D., Father, Appellant.**

No. 02–1905.

Court of Appeals of Iowa.

Sept. 10, 2003.

Sally Peck, Iowa City, for appellant father.

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, Michael Wolf, County Attorney, and Jayme Kirsch, Assistant County Attorney, for appellee.

David Pillers, Clinton, for appellee mother.

Thomas Lonergan of Mayer, Mayer, Lonergan & Rolfes, Clinton, for minor child.

Considered by SACKETT, C.J., and MILLER and HECHT, JJ.

SACKETT, Chief Justice.

Appellant-father, David, appeals the decision of the juvenile court finding his children to be in need of assistance under Iowa Code section 232.2(6)(c)(1) (2001). David does not challenge the finding that the children are in need of assistance, but he contends the finding is supported by the children's mother's conduct, not his. David contends the juvenile court abused its discretion in (1) not granting his pro se motion for change of venue and considering it as a motion for recusal of the judge, and (2) denying his request to hire an expert witness. He also contends the court should not have limited the witnesses he sought to introduce from testifying. David further contends his trial attorney was ineffective in a number of instances. We affirm the finding the children are children in need of assistance and affirm on the issues raised. We preserve David's right to challenge the effectiveness of his trial counsel in several respects.

## I. BACKGROUND FACTS AND PROCEEDINGS.

David and Kimberly are the parents of the children at issue here, Shawn, born February 2, 1998, and Kerri, born October 30, 1999. The couple never married[1] but did live together for a period of about ten years. Kimberly's older children, Melissa and Jason, also lived with the couple.

What is termed "a founded report" concluding David sexually abused Melissa was filed by the Department of Human Services on August 28, 2001. On March 29, 2002 Kimberly obtained a protective order against David, as a finding was made that he was guilty of domestic abuse. Apparently, criminal charges accusing David of sexual abuse were filed, but after an April

---

**1.** David contends they were married by common law.

2002 trial he was acquitted of the charges. On April 26, 2002 the protective order against David was modified to allow him supervised visits with his children. David requested that the protective order be cancelled, and after a May 10, 2002 hearing, District Court Judge C.H. Pelton denied David's request. David contends he filed a complaint with the Judicial Qualifications Commission, challenging comments Judge Pelton made during the hearing, indicating he did not consider the fact David had been acquitted of sexual abuse in a criminal trial in deciding the civil issue of placement of his children. David claims Judge Arlen Van Zee was mentioned in this complaint. A copy of the complaint is not a part of the record, nor is there any showing Judge Van Zee ever received a copy of the complaint.

David began exercising supervised visits with the children in April 2002. Kimberly was concerned about Shawn's behavior following the visits. Shawn was referred to Joyce Morrison, LISW, for an evaluation. Morrison reported that during play therapy Shawn made consistent statements telling her David threatened to kill Kimberly and Shawn's siblings, and he demonstrated with knives how David would do it. The statements were made while Morrison and Shawn engaged in what Morrison called play therapy. During several sessions of the play therapy Shawn's statements about David remained consistent. Shawn told Morrison he needed to protect Melissa because David told him he wanted to perform various sex acts with Melissa and then kill her.[2] Morrison concluded Shawn had symptoms of separation anxiety, emotional distress, and acute stress disorder and was on the verge of developing post-traumatic stress disorder. Following Morrison's evaluation the court issued an ex parte order on July 30, 2002, terminating David's visits with his children.

On August 1, 2002 a petition was filed requesting that Shawn and Kerri be found to be children in need of assistance under Iowa Code section 232.2(6)(b) and (c)(1). On August 6, 2002 David's attorney filed a motion requesting that the court dismiss Morrison as a play therapist and hire another play therapist. The motion contended Morrison was prejudiced against David because she was an expert witness in a trial where he was the defendant, and she displayed animosity towards David and would not render an unbiased opinion. The motion asked that another play therapist be hired at State expense. The State resisted the motion, noting that Kimberly had hired the therapist, that the interest of the children was at issue, and that information about David's prior history would be made known to another therapist. On September 10, 2002 David filed a pro se motion to transfer the case out of Clinton County, for the following reasons:

> (1) prejudice from recent jury trials, (2) filed a complaint with judicial qualifications committee against Judge Pelton (3) Judge Pelton's comments on May 10th that he didn't care that I was aquitted [sic] because I was still accused of sex abuse I would still have to have supervised visits.

The motion was resisted by Kimberly and the guardian ad litem for the children.

Through his attorney David filed a written response to the petition to have the children found to be in need of assistance, contending Kimberly (1) was treated for substance abuse in 1992; (2) had a criminal record including a domestic abuse re-

2. Shawn's exact words were that David would "touch [her] boobies, feel her pussy, have sex with her, and kill her."

port in Sioux City, Iowa; (3) allowed a child to watch an inappropriate movie in October of 2000 which the couple argued about, she hit him, and he called the police; (4) allowed two men with criminal histories to live in her home; (5) allowed Melissa, a minor, to have her boyfriends live in the home; (6) lied to the police when she said David kidnapped her son; (7) allowed Shawn to play with a handgun; and (8) smoked marijuana. David further alleged he was advised in August of 2002 that someone called 911 saying Kimberly was going to kill him. He also alleged Kimberly did not protect his children from their half-siblings and others.

Kimberly filed a "Motion in Limine" seeking to exclude evidence at trial as to (1) her actions and conduct that occurred or transpired more than six months prior, (2) evidence from two previous sexual abuse trials, (3) allegations concerning David's sexual conduct, (4) evidence of her criminal history, and (5) evidence concerning a 911 call in August of 2002.

On September 23, 2002, the date of trial, David's attorney filed a renewed motion to hire at State expense a play therapist for a second opinion. She contended Dr. McEchron, a psychologist from Davenport, had recommended the children be evaluated by a play therapist in Iowa City, who was contacted and agreed to evaluate the children. The motion further indicated the Davenport psychologist had recommended to David's attorney and a Department of Human Services worker that a second opinion from a qualified play therapist was necessary. The motion noted that the allegations in the petition center on Morrison's evaluation of one of the children. The motion was not accompanied by an affidavit, nor was it verified.

The matter came on for hearing before the Honorable Arlen J. Van Zee. The court first addressed the motion for change of venue, denying it because it was not in proper form, and finding even if it were, it failed to state a valid ground for a change of venue. The court further noted Judge Pelton was not sitting on the case. The court also denied the renewed motion to hire a play therapist at State expense. In addition to filing the motion, David's attorney stated that the psychologist had expressed little confidence in Morrison's report. The juvenile court, in denying the motion, reasoned the methodology of the play therapist was not the issue; rather the issue was the statements made by the child. In support of its ruling denying David's request, the court cited the lack of a report or affidavit from the psychologist indicating the second therapist was necessary, as well as the fact that it would delay the proceedings.

The court also addressed the motion in limine filed by Kimberly and joined in by the guardian ad litem and the State. David's position was that he believed the children were children in need of assistance because of Kimberly's conduct, not because of his.[3] The judge said the State's petition focused on David's behavior and statements made by the children. He stated that was what they were going to deal with that day, and they were not going beyond that issue because that was the issue before the court. The judge further said it did not appear activities six months ago or before were relevant, as the allegations in the petition were recent and those were the allegations they were going to deal with. He noted that absent a statement or offer of proof showing the witnesses had knowledge of the allegations and specifics in the petition, their testimo-

---

**3.** A review of the exhibits indicates that both the CASA volunteer and the DHS found there were deficiencies in Kimberly's care of the children.

ny was not relevant, and the court would not allow it.

David's attorney made no further objection, offered no statements as to the witnesses' testimony, nor did he attempt to make an offer of proof as to the testimony sought to be offered.

On September 30, 2002, prior to the juvenile court's ruling in the child in need of assistance proceedings, David filed a pro se motion for new trial, contending he filed a complaint with the Judicial Qualifications Committee in August of 2002, the complaint included Judge Van Zee, and Judge Van Zee had knowledge of the complaint and was a party or a material witness to it. David requested Judge Van Zee recuse himself. There is no evidence when or if Judge Van Zee was notified of the complaint's filing.

On October 4 Judge Van Zee issued the order finding Shawn and Kerri to be children in need of assistance because of the actions of David. The court affirmed in writing the oral rulings made on the motions for a change of venue and for a second expert, as well as the motion in limine. The court found that the ex parte order of July 30, 2002 should remain in effect, and that continued separation was necessary to avoid risk to the children's life or health.

On October 9, 2002 Judge Van Zee recused himself from David's case. On October 11, 2002 David filed a pro se motion for a new adjudication hearing, arguing Judge Van Zee should have recused himself before making a decision in the child in need of assistance proceedings. On October 14 David's attorney filed a motion for a new adjudication hearing on David's behalf. Judge Mullen denied the motion.

A dispositional hearing was held on October 29, 2002 before Judge Mullen, in which custody of the children was placed with Kimberly. Visitation for David was conditioned upon his participation in services outlined in the case plan.

## II. MOTION FOR CHANGE OF VENUE.

■ *Change of venue and request for recusal.* David's first argument is that the district court abused its discretion in failing to grant his motion for change of venue. He further contends that his motion should have been construed as a motion for Judge Van Zee's recusal, and it should also have been granted on this basis. In the alternative he claims he had ineffective assistance of counsel because his attorney failed to file a motion for recusal. The decision to grant or refuse a change of venue primarily rests in the discretion of the trial court, and we will reverse that decision only when the discretion has been abused. *State v. Wagner,* 410 N.W.2d 207, 210 (Iowa 1987). The motion states no grounds to support a change of venue as provided for in Iowa Rule of Civil Procedure 1.801. A copy of the complaint against Judge Pelton is not in the record. There was no showing in the motion or through testimony that Judge Van Zee was directly interested in the action or related to either party. *See* Iowa R. Civ. P. 1.801(2). Nor was the motion supported by David's affidavit and those of three disinterested persons to qualify for a change of venue under rule 1.801(3). There was no basis shown for granting the motion.

■ *Recusal.* David did not make a motion for recusal prior to the time the hearing was conducted. Nor is there anything in the record that would support a finding at the time the hearing was commenced or when Judge Van Zee filed his decision that Judge Van Zee was aware of the filing of the complaint against him.

The burden of showing grounds for recusal is on the party seeking recusal. *State v. Haskins*, 573 N.W.2d 39, 44 (Iowa Ct.App.1997); *Campbell v. Quad City Times*, 547 N.W.2d 608, 611 (Iowa Ct.App. 1996). This burden is substantial and we will not overturn the trial judge's decision absent an abuse of discretion. *State v. Farni*, 325 N.W.2d 107, 110 (Iowa 1982). In order to show an abuse of discretion, a party must demonstrate the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *In re Estate of Olson*, 479 N.W.2d 610, 613 (Iowa Ct.App. 1991).

Though the complaint against Judge Van Zee apparently was filed prior to his ruling, there is no evidence he knew of the complaint before he filed his ruling. This case is therefore distinguishable from *In re Stigler*, 607 N.W.2d 699, 705–709 (Iowa 2000). In that case the court agreed with the Judicial Qualification Commission that Judge Stigler's actions violated Canon 3(D)(1) of the Iowa Code of Judicial Conduct where the judge considered an application for attorney fees in a case where the judge earlier had exhibited displeasure with an attorney adverse to the application. *Stigler*, 607 N.W.2d at 708–09. The attorney had filed a complaint against the judge, and the judge had prior thereto announced his intention not to hear matters in which the attorney was involved. *Id.* The court noted that if Judge Stigler had not previously announced a bias toward the attorney, his ruling might be excused as a mere error of judgment, but his acknowledgment of bias made it much more serious. *Id.*

In this case, in contrast, there is no evidence Judge Van Zee was aware of the complaint. *See Wagner v. State*, 364 N.W.2d 246, 251–52 (Iowa 1985). There is also no evidence he had exhibited any prior bias towards David.

■ Furthermore, we find no merit in David's argument that his motion requesting a change of venue should have been construed by the court as a totally separate motion for recusal. We note that David's justification for arguing the motion for change of venue, which he construed as a motion for recusal, comes largely from comments not apparent in the record Judge Van Zee allegedly made during the CINA proceedings. The alleged comments noticeably occurred *after* the motion for change of venue had been denied. We affirm on this issue.

### III. MOTION TO HIRE ADDITIONAL EXPERT.

■ David next claims the court abused its discretion in denying his motion to hire an additional expert for a second opinion. We review the trial court's decision whether to grant David's motion for an additional expert for an abuse of discretion. *State v. Barker*, 564 N.W.2d 447, 450 (Iowa Ct. App.1997). Morrison was apparently the expert witness in David's criminal sexual abuse trial resulting in the April 2002 acquittal. David's motion was accompanied by a letter from Dr. McEchron, a psychologist in Davenport, who stated in the letter that he had concerns about the reliability and validity of play therapy for interpreting children's behavior. Dr. McEchron was not available to testify, nor did he sign an affidavit accompanying his letter. *See* Iowa R. Civ. P. 1.413(3). The motion was not made in conformity with the rules. Consequently, the juvenile court did not abuse its discretion in denying it.

### IV. MOTION IN LIMINE.

■ David next argues the juvenile court abused its discretion in limiting the witnesses he sought to introduce on his

behalf following the State's motion in limine to exclude them. David sought to introduce witnesses in support of his theory that other individuals, including Kimberly, were responsible for Shawn's behavior. The juvenile court limited David's witnesses.

■ The State argues David has not preserved error on this issue because he failed to make an offer of proof for each of the witnesses he sought to introduce. As David concedes, he did not make an offer of proof as to any of these witnesses.[4] We conclude this issue has not been properly preserved for our review. *See State v. Lange,* 531 N.W.2d 108, 114 (Iowa 1995).

## V. INEFFECTIVE ASSISTANCE OF COUNSEL.

David argues his counsel rendered ineffective assistance by (1) failing to make offers of proof regarding potential witnesses he sought to introduce; (2) failing to include an affidavit from Dr. McEchron with his motion for an additional play therapist; (3) failing to cross-examine Morrison properly; and (4) failing to object to Morrison's report as hearsay.

■ David has the statutory right to representation by counsel under Iowa Code section 232.89 (2001). Due process requires counsel appointed under a statutory directive to provide effective assistance. *In re D.W.,* 385 N.W.2d 570, 579–80 (Iowa 1986). We apply the same standards adopted for counsel appointed in a criminal proceeding. *Id.; see Strickland v. Washington,* 466 U.S. 668, 687–98, 104 S.Ct. 2052, 2064–70, 80 L.Ed.2d 674, 693–700 (1984). As the party claiming ineffective assistance of counsel, David must show that (1) counsel's performance was deficient, and (2) actual prejudice resulted. *D.W.* 385 N.W.2d at 580. Unless both showings are made, the claim must fail. *Id.* (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693). We recognize that in making this argument, David must overcome the strong presumption that counsel's conduct fell within the wide range of competent professional assistance and that his or her actions reflected sound legal strategy. *D.W.,* 385 N.W.2d at 580.

*Offer of proof.* David contends his counsel was ineffective for failing to make offers of proof for several witnesses whom David claimed could give an alternative viewpoint for the cause of Shawn's behavior. The State argues David has failed to meet his burden to show how such testimony likely would have changed the outcome of the proceedings, especially considering David's five witnesses who testified to his good relationship with the children and to problems with Kimberly and her friends.

*Additional expert.* David also argues his counsel was ineffective for failing to request a hearing on his motion for an additional expert, as well as to attach an affidavit from Dr. McEchron to the motion regarding the usefulness of play therapy in interpreting behavior to his motion for an additional expert.

*Cross examination.* Additionally, David argues his counsel failed to cross-examine either Morrison or Kimberly properly concerning their possible biases. David further states his attorney failed to properly cross-examine Morrison about her assertions of the improbability of Shawn's fabricating his story and to object to her report.

---

4. Our review is de novo in these proceedings. For this reason the court should allow testimony subject to objection so there is a record for us to review on appeal. No objection to the juvenile court's refusal to hear the other evidence was made on these grounds.

We are unable on the record before us to either address or dismiss the above claims of ineffective assistance of counsel, so we preserve them for further proceedings. There is no procedural equivalent to postconviction for proceedings to terminate parental rights or for CINA proceedings; direct appeal is the only way for appellants to raise an ineffective assistance of counsel claim in such proceedings. A party claiming ineffective assistance of counsel must develop an affirmative basis to demonstrate counsel's inadequate representation. *See, e.g., Sallis v. Rhoads*, 325 N.W.2d 121, 122 (Iowa 1982). David had a right, which he did not exercise, to seek a limited remand to the juvenile court to present additional evidence and obtain a fact-finding on the issue. Iowa R.App. P. 6.12(7); *see, e.g., State v.* White, 337 N.W.2d 517, 520 n. 2 (Iowa 1983); and *State v. Nelson*, 329 N.W.2d 643, 647 (Iowa 1983). Parental rights have not been terminated here, and David agrees to the finding that the children are in need of assistance. David's challenge is to custodial care and visitation. The matter remains in juvenile court. The issue of ineffective assistance can be litigated there, and the juvenile court can fashion a remedy to effectuate justice should David meet the heavy burden to show his trial attorney was ineffective.

*Objection to report.* David's final claim is that his counsel was ineffective for failing to object to Morrison's report, which included Shawn's statements, as inadmissible hearsay evidence. This challenge has no merit, and we do not preserve it. *See In re Long*, 313 N.W.2d 473, 478–79 (Iowa 1981).

**AFFIRMED.**