**IN THE COURT OF APPEALS OF IOWA**

No. 17-0582
Filed June 7, 2017

**IN THE INTEREST OF J.W.,
Minor Child,**

**L.B., Mother,**
    Appellant.
_____


    Appeal from the Iowa District Court for Polk County, Rachael E. Seymour,

District Associate Judge.


    Mother appeals following a dispositional order continuing placement of her

child outside the home. **AFFIRMED.**


    Karmen R. Anderson of The Law Office of Karmen Anderson, Des

Moines, for appellant mother.

    Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

    Michael J. Bandstra of Bandstra Law Office, Des Moines, guardian ad

litem for minor child.


    Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

The mother pursues this appeal following the entry of an order adjudicating her child, J.W., in need of assistance and the entry of a disposition order placing the child in out-of-home placement under the supervision of the Iowa Department of Human Services. The mother raises only a single issue in this appeal—whether the juvenile court abused its discretion in denying a motion to change venue.

Our review of the juvenile "court's decision to grant or deny a change of venue [is] for an abuse of discretion." *In re D.A.*, No. 06-0255, 2006 WL 931425, at *2 (Iowa Ct. App. Apr. 12, 2006) (citing *In re S.D.*, 671 N.W.2d 522, 527 (Iowa Ct. App. 2003)). "In order to show an abuse of discretion, a party must demonstrate the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *In re E.C.*, No. 13-1090, 2013 WL 5291969, at *3 (Iowa Ct. App. Sept. 18, 2013) (citing *In re Estate of Olson*, 479 N.W.2d 610, 613 (Iowa Ct. App. 1991)).

The Iowa Code provides, "Venue for child in need of assistance proceedings shall be in the judicial district where the child is found or in the judicial district of the child's residence." Iowa Code § 232.62(1) (2016). The juvenile court may transfer a proceeding "to the juvenile court of any county having venue at any stage in the proceedings" for two reasons. Iowa Code § 232.62(2). First, "[w]hen it appears that the best interests of the child or the convenience of the proceedings shall be served by a transfer." Iowa Code § 232.62(2)(a). Second, "[w]ith the consent of the receiving court, the court may

transfer the case to the court of the county where the child is found." Iowa Code § 232.62(2)(b).

Here, the guardian ad litem moved to change venue of this assistance proceeding from Polk County, in the Fifth Judicial District, to Union County, also in the Fifth Judicial District. The mother joined in the motion. The juvenile court denied the motion to change venue for a variety of reasons. Primarily, the mother was already involved in another assistance proceeding in Polk County involving two older children. She would have to attend hearings, meetings, and appointments in Polk County for that case. In addition, although the child at issue resided in Union County, it was unclear whether the placement was long-term. Also, the mother and father's housing was unstable. The mother, on several occasions, changed residences between Polk County and Union County. The juvenile court reasoned there was no need to change venue when the mother's housing situation was unstable and she was likely to return to Polk County. We cannot conclude the juvenile court's exercise of discretion was clearly untenable or unreasonable.

**AFFIRMED.**