# IN THE COURT OF APPEALS OF IOWA

No. 18-1851
Filed December 19, 2018

**IN THE INTEREST OF C.B.,**
**Minor Child,**

**S.B., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A mother appeals the district court order terminating her parental rights. **AFFIRMED.**

Misty White, Sigourney, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Peter Stiefel, Victor, guardian ad litem for minor child.

Considered by Danilson, C.J., and Potterfield and Doyle, JJ.

**POTTERFIELD, Judge.**

The mother appeals[1] the termination of her parental rights to C.B., born July 2017, and the district court order of the same date changing the permanency goal to adoption or other permanent placement.[2]  The mother's parental rights were terminated pursuant to Iowa Code section 232.116(1)(b), (e), (g), and (h) (2018). The mother does not challenge the grounds for termination.  On appeal, the mother argues the district court improperly denied her motion for recusal and the State failed to make reasonable efforts at reunification.

**I. Background Facts and Proceedings.**

C.B. came to the attention of the Iowa Department of Human Services (DHS) in September 2017.  After C.B.'s birth in July, the mother and C.B. resided with the child's maternal grandmother in Oklahoma.  The Oklahoma equivalent of child services found the grandmother was not an appropriate caretaker for the child, and the grandmother transferred the child to his maternal great-grandmother residing in Iowa.  The maternal great-grandmother and the great-grandmother's paramour, a person who was a perpetrator of sexual abuse on the mother when the mother was a child, took care of the child until DHS became involved.

C.B. was adjudicated a child in need of assistance (CINA) in October and was placed with his paternal grandmother, who also has custody of the mother's two older children.  The mother's husband was incarcerated in Jasper County, Iowa and later consented to termination of his parental rights.

---

[1] The legal father's parental rights were also terminated.  He does not appeal.

[2] C.B. may be a member of or eligible for membership in a Native American tribe.  Proper notice was given to the parents, potential tribe(s), and the United States Secretary of the Interior.  The mother does not make any claims relating to the child's tribal status.

The mother has had two visits with C.B.; the second visit ended after fifteen minutes when the mother was arrested. After the mother was released from jail in January 2018, DHS and family safety, risk, and permanency (FSRP) workers attempted to set up additional visits. The mother refused to attend visits at the FSRP office or visits occurring in Indianola. The mother often did not communicate with providers in order to set up visits. At the termination hearing, the DHS worker testified she estimated the mother had spent four hours with the child since he was released from the hospital after his birth in 2017. The child has not resided with the mother besides a brief period after birth.

DHS has offered the following services: case management; FSRP services; sibling placement; family team meeting referral; paternity testing; supervised visitations; the offer of psychological, substance-abuse, and mental-health evaluations; and the offer of parenting classes. The mother has not complied with the district court's recommendations for reunification. The mother has not obtained a substance-abuse, mental-health, or psychological evaluation. The mother has not cooperated with paternity testing, drug testing, FSRP services, signing release-of-information forms, or attending parenting classes or parenting-skill sessions. At one point, the mother stated a desire to voluntarily terminate her parental rights and refused any contact with or services through DHS.

In May, the mother made a motion for a change of venue or new trial judge, arguing the judge presiding over the termination case had recently presided over the mother's criminal case and had prejudicial information as a result. The motion was denied without hearing.

A termination hearing was held in May. The mother made a motion for reasonable efforts in August. The motion was denied because the termination hearing had already been held and the matter had already been submitted. In October, the district court entered an order terminating the mother's parental rights.

The mother appeals.

## II. Standard of Review.

In considering the mother's claims, we review the termination proceedings de novo. *In re A.B.,* 815 N.W.2d 764, 773 (Iowa 2012).

## III. Discussion.

The mother argues the district court improperly denied her motion for recusal without a hearing. The mother argues there was information from her recent criminal case—which was not part of the juvenile record and which painted the mother in a negative light—that became known to the judge presiding over the termination case. The mother argues the judge should have recused herself. Alternatively, the mother argues she was entitled to a hearing on the motion for recusal.

We review district court judges' determinations not to recuse themselves for an abuse of discretion. *State v. Haskins*, 573 N.W.2d 39, 44 (Iowa Ct. App. 1997). The party seeking recusal has the burden to demonstrate grounds for recusal. *Id.* "This burden is substantial and we will not overturn the trial judge's decision absent an abuse of discretion. In order to show an abuse of discretion, a party must demonstrate the court exercised its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *In re S.D.*, 671 N.W.2d 522, 528 (Iowa Ct. App. 2003).

Here, the mother contends the judge knew facts relating to her criminal acts that were outside of the juvenile record, but she cited no authority in the juvenile court or on appeal for the proposition that a judge must grant a request to recuse solely because the judge has had experience with a party in another proceeding. Nor does she cite authority for her argument she was entitled to a hearing on her motion. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."). She points to no part of the record in support of a claim the judge revealed bias, and the termination order does not rely on the mother's criminal activities. Actual prejudice must be shown before recusal is necessary, not merely the appearance of impropriety. *In re C.W.*, 522 N.W.2d 113, 117 (Iowa Ct. App. 1994); *see also In re J.H.* No. 17-1101, 2017 WL 4570544, at *3 (Iowa Ct. App. Oct. 11, 2017) ("It is frequently the case in termination proceedings that the juvenile court judge might have—and should have—detailed knowledge of a parent's criminal history insofar as the criminal history relates to the welfare of the child. The mere fact that the juvenile court judge in this case also happened to be the presiding judge in criminal proceedings involving this father, in and of itself, is not grounds for recusal."). The district court did not abuse its discretion in denying the mother's motion for recusal.

Next, the mother argues the State failed to make reasonable efforts to reunify her with C.B. The mother argues that in light of her intellectual disabilities, she should have been provided services scheduling and transporting her to her psychological evaluation. The mother argues her motion for reasonable efforts should have been granted.

The mother has not preserved her reasonable-efforts argument for appeal. "[DHS] has an obligation to make reasonable efforts toward reunification, but a parent has an equal obligation to demand other, different, or additional services prior to a permanency or termination hearing." *In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005). The mother did not make any requests for additional services until after the termination hearing. She did not participate in many of the services offered; DHS did schedule a psychological evaluation, but the mother did not attend. We do not consider the mother's reasonable-efforts argument on appeal.

We affirm the district court order terminating the mother's parental rights as to C.B.

**AFFIRMED.**