# IN THE COURT OF APPEALS OF IOWA

No. 19-0650
Filed July 24, 2019

**IN THE INTEREST OF K.G.,**
**Minor Child,**

**M.G., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Benton County, Cynthia S. Finley, District Associate Judge.

A mother appeals an order modifying the permanency goal in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Ray Lough, Vinton, for appellee father.

Mark D. Fisher of Nidey Erdahl Fisher Pilkington & Meier, PLC, Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**SCOTT, Senior Judge.**

A mother appeals an order modifying the permanency goal in a child-in-need-of-assistance (CINA) proceeding. We conclude the modification of the permanency goal to placement with the father is in the best interests of the child and is supported by clear and convincing evidence. The juvenile court did not abuse its discretion in denying the mother's request to submit written closing arguments. We affirm the decision of the juvenile court.

## I.       Background Facts & Proceedings

M.G., mother, and B.L., father, are the parents of K.G., born in 2015. The parents lived separately. The Iowa Department of Human Services (DHS) became involved in January 2018 due to concerns the mother was using illegal substances while caring for the child. The mother had a hair test that was positive for methamphetamine.

The child was adjudicated to be a CINA, pursuant to Iowa Code section 232.2(6)(c)(2) (2018). In June 2018, the mother again tested positive for methamphetamine. The mother obtained a protective order due to domestic violence in her relationship with her paramour. On July 3, the juvenile court removed the child from the mother's care based on her mental-health and substance-abuse problems. The child was placed with the maternal grandparents. In September, DHS began a trial home placement of the child with the father. The permanency goal was reunification with the mother.

In a review order, filed on November 6, the court placed the child in the father's care. The court stated modification of the permanency goal "will be set for hearing upon filing of [a] motion." On November 8, the father filed an application

to modify the permanency goal to having the child placed with him. He requested a bridge order so physical care of the child could be established by the district court.

The mother successfully completed a substance-abuse treatment program but tested positive for methamphetamine in February 2019. She was inconsistent in participating in drug tests. There were also concerns about the mother's use of alcohol. She entered into a new romantic relationship, which involved domestic violence.

A hearing on the father's motion was held on April 2. The juvenile court ruled:

> Based on a review of the file and the statements made, the Court finds that the Father's Motion to Change the Permanency goal to "Maintain with Father" should be granted. This family has been involved with the Department of Human Services for over a year, with removal from the mother occurring on July 3, 2018, and the Mother is still struggling with substance abuse issues and involving herself in abusive relationships. The Mother tested positive for methamphetamine in February, 2019 and has been assaulted by her current paramour within the last reporting period.

The mother appeals the juvenile court's order.

## II.     Standard of Review

Our review of CINA proceedings is de novo. *In re L.H.*, 904 N.W.2d 145, 149 (Iowa 2017). "[T]he State bears the burden of proving its allegations by clear and convincing evidence." *Id.* "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) (citation omitted). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III. Permanency Goal

**A.** The mother claims the juvenile court improperly granted the father's motion to change the permanency goal prior to the expiration of the time for permanency. She states the court should not have changed the permanency goal before holding a permanency hearing.

In the review order filed on November 6, 2018, the juvenile court stated the issue of modifying the permanency goal would be addressed upon the filing of a motion. The father then filed a motion to modify the permanency goal. The matter was set for a hearing on January 22, 2019, reset to March 19, then reset to April 2. During this time, the mother did not object to the hearing. Additionally, at the hearing held on April 2, the juvenile court stated, "We're here for Hearing on the Father's Motion for Change in the Permanency Goal and Motion for Bridge Orders." The mother did not object to the hearing. We conclude the mother did not preserve error on her claims regarding the timing or nature of the proceedings concerning the modification of the permanency goal. *See In re M.T.*, 613 N.W.2d 690, 692 (Iowa Ct. App. 2000) (finding a parent failed to preserve error on an issue not brought before the juvenile court).

**B.** The mother asserts the juvenile court should not have modified the permanency goal because there had not been a substantial change in circumstances or aggravating circumstances justifying the modification. She also claims the court did not provide sufficient reasons for the modification of the permanency goal.

In discussing the modification of a permanency goal, we stated, "Before a dispositional order in a juvenile proceeding can be modified, the party seeking

modification must first prove a substantial change in material circumstances, and that under the new conditions, a change is in the best interests of the child or children."[1] *In re D.G.*, 704 N.W.2d 454, 458 (Iowa Ct. App. 2005). We consider whether the court's decision is supported by clear and convincing evidence. *See In re S.V.G.*, 496 N.W.2d 262, 265 (Iowa Ct. App. 1992).

We find there has been a substantial change of circumstances justifying the modification of the permanency goal to placing the child with the father, rather than reunification with the mother. Since the initial permanency goal was set, the child has been placed in the care of the father. This has been beneficial for the child, as the father provides the stability the child needs. During this same period of time, the mother had a positive drug test for methamphetamine and entered into a new domestically-violent relationship. The guardian ad litem advocated for the modification of the permanency goal. We conclude the modification of the permanency goal to placement with the father is in the best interests of the child and is supported by clear and convincing evidence.

**C.** At the close of the hearing on April 2, the attorney for the mother requested the ability to submit a written final argument within seven days. The court denied the request, stating it believed all of the arguments had been fleshed out during the testimony at the hearing. The mother claims the court abused its discretion by denying her request to file a written final argument.

---

[1] The requirement for a substantial change of circumstances is based on case law. *See In re C.K.*, No. 18-1708, 2018 WL 6719419, at *3 (Iowa Ct. App. Dec. 19, 2018). Section 232.103(4) does not require a substantial change in circumstances. *Id.* at *4. Here, the mother claims there was not a substantial change in circumstances. Neither the State nor the father make any response to her claim the matter should be considered under this standard, and therefore, we address the test. *See id.*

"It is generally recognized that matters relating to the course and conduct of a trial, not regulated by statute or rule, are within the discretion of the trial judge." *In re S.T.,* No. 08-1058, 2009 WL 398500, at *3 (Iowa Ct. App. Feb. 19, 2009) (quoting *In re Marriage of Ihle,* 577 N.W.2d 64, 67 (Iowa Ct. App.1998)). However, the court's discretion is not limitless. *Id.* The parties to a dispute should "be given a fair opportunity to have their disputes resolved in a meaningful manner." *Id.* A party disputing the court's action must establish prejudice. *Id.*

The mother has not shown she was prejudiced by the court's refusal to consider written final arguments. The court pointed out it was aware of the issues in the case and had heard all of the evidence. We conclude the court did not abuse its discretion.

The mother also claims she should have been permitted to present an oral opening statement and closing argument. The mother's attorney did not ask to present oral arguments. We determine this issue has not been properly preserved for our review, and we do not address it. *See In re S.D.*, 671 N.W.2d 522, 529 (Iowa Ct. App. 2003).

We affirm the decision of the juvenile court.

**AFFIRMED.**