(786 P.2d 636)

No. 63,841

ELISA COSGROVE, *Appellant*, v. KANSAS STATE DEPARTMENT OF SOCIAL AND REHABILITATION SERVICES, *Appellee*, and

No. 64,026

IN THE INTEREST OF L.C. and C.C., Children under the age of 18 years.

Opin-
ion filed February 9, 1990.

*Bryan E. Nelson*, of Alder & Nelson, of Overland Park, for the appellant.

*Richard G. Guinn*, assistant district attorney, and *Paul J. Morrison*, district attorney, for appellee State of Kansas.

*Robert T. Stephan*, attorney general, and *John W. Campbell*, deputy attorney general, for appellee Kansas Department of Social and Rehabilitation Services.

Before ABBOTT, C.J., RULON, J., and RICHARD W. WAHL, District Judge Retired, assigned.

ABBOTT, C.J.: In 1986, Elisa Cosgrove's (and her former husbănd's) parental rights were severed as to L.C. and C.C. That decision was affirmed by this court on appeal in *In re Lori C.*,

unpublished opinion No. 60,346, filed July 8, 1988, *rev. denied* 243 Kan. 778.

In March 1989, Mrs. Cosgrove filed a petition for habeas corpus. She alleged that her children were being restrained in violation of their constitutional rights. She alleged several points of error, including that:

(1) She was denied her Sixth Amendment right to a jury trial;
(2) the Kansas Department of Social and Rehabilitation Services (SRS) manufactured evidence by psychological manipulation of her children;
(3) the civil severance trial was scheduled prior to her criminal trial, which put her in the position of either testifying at the civil trial and revealing her defenses to the criminal trial, or not testifying at the civil trial to preserve her defenses, all in violation of her Fifth Amendment rights;
(4) assistance provided by counsel was ineffective;
(5) the joint trial was error;
(6) Pro Tem Judge Owens should have been recused.

The court granted SRS's motion to dismiss the petition for habeas corpus. The trial court based its decision on three different factors, each of which alone would justify dismissal. First, the court said that Mrs. Cosgrove, having had parental rights severed, was not the real party in interest and had no standing to petition for the writ. Second, the court said that she was barred by res judicata because the issues were raised, or could have been raised, at the original trial. Finally, the court held that habeas corpus may not be used to review a civil judgment and "Ineffective assistance of counsel in a civil action does not present a valid cause of action."

Mrs. Cosgrove filed her notice of appeal on May 16, 1989.

On June 8, 1989, as part of the original severance of parental rights case, Mrs. Cosgrove filed a "Motion for Relief from Order Severing Parental Rights." She argued that Judge Owens' failure to recuse himself denied her a fair trial and due process. The court denied the motion on the basis that issues regarding Pro Tem Judge Owens were raised at trial and on appeal in the original case and were, therefore, res judicata. Mrs. Cosgrove timely appealed the trial court's dismissal of her motion. The cases were consolidated on appeal.

### 1. Writ of Habeas Corpus

Mrs. Cosgrove argues that she has standing to bring a petition for a writ of habeas corpus action because other Kansas cases recognize that habeas corpus is an appropriate remedy in child custody cases. She cites *Anderson v. Anderson,* 214 Kan. 387, 520 P.2d 1239 (1974); *Beebe v. Chavez,* 226 Kan. 591, 602 P.2d 1279 (1979); and *In re Adoption of Wilson,* 227 Kan. 803, 610 P.2d 598 (1980), as examples of habeas corpus petitions in child custody cases. In *Anderson* and *Beebe,* however, the action was brought by a parent of the child, seeking the return of the child. (*Wilson* only mentions habeas in dicta.) In the present case, Mrs. Cosgrove is no longer the children's legal mother. K.S.A. 38-1581 *et seq.* concerns "termination of parental rights." The effect of termination of parental rights was explained in *In re Wheeler,* 3 Kan. App. 2d 701, 702, 601 P.2d 15, *rev. denied* 227 Kan. 927 (1979):

"Where there is a termination of parental rights under the juvenile code [citation omitted], the sum total of the rights of the parent or parents in and to the child as well as the rights of the child in and to the parent or parents, are completely terminated; there is a complete and final divestment of all legal rights, privileges, duties and obligations of the parent and child with respect to each other."

K.S.A. 60-1501 sets forth when a petition for a writ of habeas corpus is proper:

"Subject to the provisions of K.S.A. 60-1507 any person in this state who is detained, confined, or restrained of liberty on any pretense whatsoever, and any parent, guardian, or next friend for the protection of infants . . . physically present in this state may prosecute a writ of habeas corpus in the supreme court, court of appeals or the district court of the county in which such restraint is taking place."

This statute recognizes that a parent, or someone with rights in the child, may bring a habeas petition for the child when the child's physical liberty, *i.e.,* custody, is at issue, for the protection of the infant. This is how cases such as *Anderson* arose.

A similar situation was considered in *Helsel v. Blair Cty. Children & Youth,* 359 Pa. Super. 487, 519 A.2d 456 (1986), where a child's half brother filed a petition for a writ of habeas corpus relating to the custody of a child. Under Pennsylvania law, the half brother had no legal claim to the child. The court said:

"A writ of habeas corpus was an accepted means of ascertaining and enforcing the right to custody of a child. [Citations omitted.] However, the status of the petitioner and the timing of the petition are important factors in determining the propriety of this means of relief. 'To invoke the aid of habeas corpus for the purpose of determining custody of an infant, the petitioners for the writ must show a prima facie legal right to such custody.' *Commonwealth ex rel. Ebel et ux v. King et al.*, 162 Pa. Super. 533, 58 A.2d 484 (1948)." 359 Pa. Super. at 493.

In the present case, Mrs. Cosgrove has no legal rights to her former children. That right to file a petition for protection of the child is now conferred on the children's legal guardians or adoptive parents.

In this appeal, Mrs. Cosgrove appears to present a novel argument. She maintains that her own liberty has been restrained. She notes that in *Santosky v. Kramer*, 455 U.S. 745, 753, 71 L. Ed. 2d 599, 102 S. Ct. 1388 (1982), the Supreme Court recognized the "fundamental liberty interest of natural parents in the care, custody, and management of their child[ren]." Her argument appears to be that K.S.A. 60-1501 allows a petition for a writ of habeas corpus when any person's "liberty is restrained" and that her own personal liberty interest is restrained. Therefore, she argues, she is not bringing the action for the protection of the child, but in her own right.

This stretches the concept of "liberty." Most Kansas cases concerning liberty at least implicitly refer to physical liberty. For instance, the child custody cases already discussed concern a child who is forced to live with another parent—the child's physical movement is restrained.

Mrs. Cosgrove makes a number of other arguments, based on older cases; however, we believe the Kansas cases cited for support are distinguishable in that they occurred before court unification and before the present legislation concerning the care of children.

We are of the opinion there are good policy reasons for not allowing a habeas corpus petition by a former parent whose parental rights have been severed. The goal in a termination of parental rights is to get the child in a healthy environment and, preferably, to find adoptive parents. If such petitions were allowed, adoptions would be impractical because the adoptive par-

ents would be subject to a suit at any time. The need for finality in termination cases is overriding. Also, if the right of habeas is extended to an intangible interest such as parental rights, it would, by analogy, be extended to other "fundamental liberty interests," the scope of which could be enormous.

The United States Supreme Court, in *Lehman v. Lycoming County Children's Services*, 458 U.S. 502, 73 L. Ed. 2d 928, 102 S. Ct. 3231 (1982), considered whether a woman whose parental rights had been terminated could bring an action for a federal writ of habeas corpus. The petition was brought under 28 U.S.C. § 2254(a) (1982), which provides:

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The Court noted that, although the statute specifically refers to persons in "custody," modern cases have extended it to significant restraints on liberty. 458 U.S. at 508-09. (The scope of § 2254[a], then, is essentially the same as the scope of K.S.A. 60-1501.)

The Court recognized the distinction between a *habeas corpus* petition filed for a child's interest from one filed for the parents' interests. "Ms. Lehman simply seeks to relitigate, through federal habeas, not any liberty interest of her sons, but the interest in her own parental rights." 458 U.S. at 511. The Court, although recognizing a parent's liberty interest, held that federal courts have traditionally refused jurisdiction over family matters. 458 U.S. at 512. The Court also emphasized the State's strong interests in the finality of termination case:

"The State's interest in finality is unusually strong in child-custody disputes. The grant of federal habeas would prolong uncertainty for children . . . possibly lessening their chances of adoption. It is undisputed that children require secure, stable, long-term, continuous relationships with their parents or foster parents. There is little that can be as detrimental to a child's sound development as uncertainty over whether he is to remain in his current "home," under the care of his parents or foster parents, especially when such uncertainty is prolonged. Extended uncertainty would be inevitable in many cases if federal courts had jurisdiction to relitigate state custody decisions." 458 U.S. at 513-14.

*Lehman* shows that parents' fundamental liberty interest in raising their own children is a limited interest. See *Lassiter v. Department of Social Services*, 452 U.S. 18, 68 L. Ed. 2d 640, 101 S. Ct. 2153, *reh. denied* 453 U.S. 927 (1981) (holding that the Fourteenth Amendment does not necessarily require appointment of counsel in every parental status termination case). Because the interest is limited, there is no constitutional reason to extend the right to bring a habeas petition to parents who have had their rights terminated. The right to file a petition for writ of habeas corpus in behalf of the child in an effort to challenge the validity of the severance proceeding is conferred on the child's legal guardian or adoptive parents and that right is not available to the parent or parents whose parental rights have been severed. This does not leave persons who have had their parental rights terminated without a remedy. K.S.A. 60-260(b)(6) is available.

## 2. K.S.A. 60-260(b)(6) Motion

Mrs. Cosgrove filed a motion for relief in the original case in which her parental rights were severed, pursuant to K.S.A. 60-260(b)(6). She argues a new trial is necessary because newly discovered evidence indicates that Pro Tem Judge Owens was prejudiced against her. She appeals the denial of this motion.

An appeal from an order denying a motion under K.S.A. 60-260(b) brings up for review only the order of denial itself and not the underlying judgment. *Ellis v. Whittaker*, 10 Kan. App. 2d 676, 677, 709 P.2d 991 (1985). The granting of relief under K.S.A. 60-260(b) rests within the sound discretion of the trial court, and, on appeal, this court's scope of review is limited to determining whether the trial court's decision constituted an abuse of discretion. 10 Kan. App. 2d at 677.

Mrs. Cosgrove raised the recusal issue in the severance case and, on appeal, the Court of Appeals expressly held that she did not show error.

The matter was fully litigated. The trial court in this case was under no obligation to furnish a second opportunity to relitigate the identical issue. Thus, the trial court did not err in dismissing the petition for habeas corpus and in denying the motion for relief under K.S.A. 60-260(b)(6).

Affirmed.