OPINION
{¶ 1} Appellants, Frank M. and Erin B., appeal the decision of the Clinton County Court of Common Pleas, Juvenile Division, granting permanent custody of their minor child, H.M., to Clinton County Children Services ("CCCS"). We affirm the trial court's decision.
 {¶ 2} On September 24, 2003, CCCS filed a complaint alleging H.M. to be a neglected and dependent child after appellants were arrested for using illegal drugs in their car while H.M. was in the back seat. On October 1, 2003, the trial court granted temporary custody of H.M. to CCCS, and extended the temporary custody order after H.M. was adjudicated to be a neglected child on December 8, 2003. In addition, the trial court implemented a case plan for reunification, under which appellants were required to maintain stable and appropriate housing, undergo a drug and alcohol assessment and obtain drug and alcohol abuse treatment as deemed necessary by the assessment, participate in and successfully complete parenting classes, and maintain employment. In addition, the case plan required Erin to obtain a mental health assessment and follow through with any recommendations arising from that assessment.
 {¶ 3} Both parents worked toward completing the case plan, but neither succeeded. Frank completed his drug and alcohol assessment and a portion of his parenting classes before being arrested in Indiana for theft. After being released from incarceration, Frank completed the remainder of his parenting classes, and the case plan was modified to allow Frank unsupervised visits with H.M. However, Frank tested positive for opiates while under community control supervision following his conviction for possession of cocaine, and failed to submit to two scheduled drug screens. Erin also completed her drug and alcohol assessment and her parenting classes. However, Erin tested positive for cocaine while under community control supervision following her convictions for possession of heroin and receiving stolen property. Later, Erin tested positive for marijuana, and admitted to abusing Vicodin.
 {¶ 4} After both parties failed to successfully complete the case plan, CCCS filed a motion seeking permanent custody of H.M. on March 8, 2005. At the time CCCS filed the motion for permanent custody, H.M. had been in the temporary custody of CCCS for more than 17 consecutive months. The trial court held hearings on CCCS's motion for permanent custody in July and August 2005, and the trial court issued a decision granting permanent custody of H.M. to CCCS on September 13, 2005. Appellants appeal, raising three assignments of error. For the purpose of clarity, two of appellants' assignments of error will be discussed together.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE JUVENILE COURT ABUSED ITS DISCRETION BY NOT CONSIDERING WHETHER THE CHILD COULD BE PLACED WITH SUITABLE RELATIVES."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE JUVENILE COURT ABUSED ITS DISCRETION BY NOT CONSIDERING THE CHILD'S RELATIONSHIP WITH HER FOSTER PARENTS."
 {¶ 9} Before a natural parent's constitutionally protected liberty interest in the care and custody of her child may be terminated, the state is required to prove by clear and convincing evidence that the statutory standards for permanent custody have been met. Santosky v. Kramer (1982), 455 U.S. 745,759, 102 S.Ct. 1388. An appellate court's review of a trial court's decision finding clear and convincing evidence is limited to whether sufficient credible evidence exists to support the trial court's determination. In re Starkey,150 Ohio App.3d 612, 2002-Ohio-6892, ¶ 16. A reviewing court will reverse a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. In re Rodgers (2000), 138 Ohio App.3d 510, 520.
 {¶ 10} R.C. 2151.414(B) requires the juvenile court to apply a two-part test when terminating parental rights and awarding permanent custody to a children services agency. Specifically, the trial court must find that: (1) the grant of permanent custody to the agency is in the best interest of the children, utilizing, in part, the factors of R.C. 2151.414(D); and, (2) as applicable to the present case, the children have been in the temporary custody of the agency for at least 12 months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d); In reEbenschweiger, Butler App. No. CA2003-04-080, 2003-Ohio-5990, ¶ 12.
 {¶ 11} In the present case, the juvenile court found that it was in H.M.'s best interest to grant the motion for permanent custody, and that, pursuant to R.C. 2151.414(B)(1)(d), H.M. had been in the custody of CCCS for more than 12 months of a consecutive 22-month period. Appellants do not dispute that H.M. was in CCCS's temporary custody for the requisite time period. Appellants argue that the trial court did not consider all of the required statutory factors for determining whether it is in the child's best interest to grant permanent custody to CCCS.
 {¶ 12} R.C. 2151.414(D) provides that in considering the best interest of a child in a permanent custody hearing, "the court shall consider all relevant factors," including: the interaction and interrelationship of the child with the child's parents, relatives, and foster caregivers; the wishes of the child expressed directly or through the child's guardian ad litem ("GAL"); the custodial history of the child; the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
 {¶ 13} Viewing the facts of this case in light of the above factors, it is clear that, although appellants' relationship with H.M. may be loving and appropriate, it is in H.M.'s best interest that CCCS be granted permanent custody. While appellants completed portions of their case plan for reunification with H.M., neither has demonstrated an ability to refrain from illegal drug use throughout the time H.M. has been in the temporary custody of CCCS, which was the cause for removing the child from their custody.
 {¶ 14} Appellants argue the trial court abused its discretion in failing to consider whether other suitable relatives were available for placement pursuant to R.C. 2151.414(D) before granting permanent custody to CCCS. Appellants are correct in their assertion that when an agency seeks permanent custody of a child, the court shall consider all pertinent factors including whether the child's need for a legally secure permanent placement could be accomplished without a grant of permanent custody to the agency. See R.C. 2151.414(D)(4). Further, when a suitable relative is available as a potential placement option, the trial court must consider the possibility of placement with that relative. In re A.A., Summit App. No. 22196, 2004-Ohio-5955, ¶ 17; In re Shaefer, Geauga App. No. 2004-G-2594, 2005-Ohio-1258, ¶ 37.
 {¶ 15} The record indicates that two potentially suitable relatives expressed some interest in adopting H.M. However, no relative expressed any such interest until H.M. had been in the temporary custody of CCCS for 16 months. Moreover, no party filed a motion requesting legal custody of H.M. at any point during the 22 months H.M. had been in the temporary custody of CCCS as of the commencement of the dispositional hearing, as required by the Rules of Juvenile Procedure. See In re L.R.T., Butler App. No. CA2005-030-71, CA2005-04-082, 2006-Ohio-207, ¶ 13. Considering that H.M. had been in foster care for 22 months of her 31-month lifetime as of the dispositional hearing, the trial court did not abuse its discretion in finding that her need for a legally secure placement could not be accomplished without granting permanent custody to CCCS.[1]
 {¶ 16} Further, we find that the trial court did properly consider H.M.'s relationship with her foster parents. Although neither foster parent testified at the dispositional hearing, the trial court noted that the GAL reported that the child is "healthy and happy and has been safe and well cared for in foster care."
 {¶ 17} Appellants' first and second assignments of error are overruled.
 {¶ 18} Assignment of Error No. 3:
 {¶ 19} "APPELLANTS WERE DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 20} Appellants argue that their trial counsel was ineffective because they failed to object to alleged hearsay regarding appellants' drug use. We disagree.
 {¶ 21} To establish ineffective assistance of counsel, appellants must satisfy both parts of a two-part test.Strickland v. Washington (1984), 466 U.S. 668, 689,104 S.Ct. 2052. First, appellants must show that counsels' actions were outside the wide range of professionally competent assistance. Id. Second, appellants must show that they were prejudiced as a result of counsels' actions. Id.
 {¶ 22} While it is arguable that appellants' trial counsel erred in failing to object to the CCCS caseworker's testimony regarding appellants' drug use, such alleged error is harmless as appellants both admitted, under oath, that they abused illegal drugs and were convicted for such drug use. Further, certified copies of the judgment entries of appellants' convictions were admitted into evidence. Appellants' third assignment of error is overruled.
 {¶ 23} Judgment affirmed.
Powell, P.J., and Young, J., concur.
[1] Although the juvenile court held that, "* * * no adoptive placement of the child, except to a member of the child's biological family, shall be made without a prior order of the Court approving such placement," the court is without jurisdiction to enforce such an order. It is well-established in Ohio that in adoption matters, probate courts have exclusive jurisdiction. In re Ridenour (1991), 61 Ohio St.3d 319, 324.