930 So.2d 721 (2006)
E.T., Appellant,
v.
STATE of Florida and DEPARTMENT OF CHILDREN AND FAMILIES, Appellees.
No. 4D04-1450.
District Court of Appeal of Florida, Fourth District.
May 3, 2006.
Rehearing Denied June 29, 2006.
*722 Valentin Rodriguez of Valentin Rodriguez, P.A., West Palm Beach, for appellant.
Jeffrey Dana Gillen, West Palm Beach, for appellee Department of Children and Family Services.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, and Amy J. Genet, West Palm Beach, for appellee Foster Children's Project.
MAY, J.
The father of two minor children appeals the trial court's dismissal of his petition for writ of habeas corpus alleging ineffective assistance of counsel during the proceedings that resulted in termination of his parental rights. He raises a single issue: whether the court erred in failing to conduct an evidentiary hearing on his petition for writ of habeas corpus. However, that issue begs two questions: (1) whether Florida recognizes a claim of ineffective assistance of counsel in termination of parental rights [TPR] cases; and if so, (2) what is the proper mechanism for filing such a claim. We find no error in the trial court's denial of an evidentiary hearing and affirm the order dismissing the petition.

The Facts Leading to the TPR
The trial court terminated the father's parental rights following two separate reports of abuse and neglect. The first incident occurred on March 29, 2002, when the two boys were two and three years of age. At that time, the father was the sole caretaker of the children because the mother had left them. Upon receiving a report from a resident of the housing complex in which the father and children lived, law enforcement arrived to find the two boys in diapers playing unattended in the parking lot.
The officer found the boys playing near a car that contained a cold six-pack of beer. The officer searched the complex *723 for forty-five minutes before locating the children's home about 150 feet away. A locked six-foot wooden fence surrounded the apartment. The officer jumped the fence and pounded on the front door, but no one responded. The officer then went inside and found all the doors in the apartment locked from the inside. The father emerged from one of the bedrooms.
The officer testified, and the trial court found, the father was in a "drunken, intoxicated, and disoriented state." When asked if he knew where his kids were, the father responded, "[m]aybe they got out." The officer arrested the defendant for child neglect.
As a result of the first incident, the court adjudicated the children dependent and placed them with the father under the protective supervision of the Department of Children and Families [DCF]. The father pled to the child neglect charge. The court withheld adjudication and placed him on probation.
The second incident occurred just three weeks later on June 4, 2002. This time the children were found playing in the ocean off Singer Island, unattended and unsupervised. The woman who found them testified one of the boys was totally naked and the other one was wearing a diaper, pants, and a top. The boys were unable to verbally communicate. They had teeth marks and/or bite marks on their backs. They were dirty and smelled. The woman bought them food and diapers and after spending two hours with them without any sign of a parent, she took them to a police station near the beach.
A sheriff's deputy located the father's motel room near the beach a couple of hours later. The deputy testified that the motel room door was slightly ajar, which allowed him to peer into the room. He saw two men sleeping in a bed. He banged on the door, but was unable to wake either of them. When the father finally awoke, the deputy found him to be drunk.
The deputy took the father to the station where the father admitted to consuming alcoholic beverages (two screwdrivers and twenty beers) since noon. He stated that one of the children had gotten away from him while he was trying to change the other child's diaper. He looked for them, but abandoned the effort. He did not call the police because he was on probation for the prior incident.
The children were placed in the temporary custody of the maternal grandmother under the protective supervision of DCF. Subsequently, however, the court ordered the children taken into custody following a report of possible child neglect when the mother removed them from their placement without permission.
When the children were picked up by DCF, the certified child protective investigator found them to be out of control. At their shelter placement, they displayed none of the normal adjustment anxiety associated with being moved to a strange environment. They were unable to speak and only made grunting sounds. They were unable to eat properly and appeared to be starving. They displayed cognitive impairments and low IQs.

The TPR Proceeding
The TPR hearing was held on January 30 and 31, 2003, while the father was in jail awaiting trial on the criminal child neglect charge. While a court-ordered psychological evaluation found the father was "a good candidate for alcohol treatment, was motivated to accept treatment, and was responsive to treatment in the past," the court rejected the doctor's recommendation, noting it was not in the children's best interests and that

*724 [the father] faces a criminal trial for which he may be sentenced to four years to fifteen years incarceration if convicted. His future is uncertain. No matter the services provided to him or his potential to remain sober upon release, his self-imposed legal predicament prohibits him from being able to meet his children's immediate special needs or their need for permanency as soon as possible.
In the TPR order, the trial court found the father had a serious alcohol problem and the mother reported a history of domestic violence. The court concluded that returning "these children to the care of their father ... would doom them to a life of unimaginable horror, misery and/or death." The court found that despite referrals for services, the father's severe addiction to alcohol "continued unabated." The court found the father had not seen his children for almost a year because of his incarceration. It found the children had tremendous needs from the lack of appropriate parenting, abuse and neglect, and were desperate for bonding and permanency. And, the court found the children's immediate special needs and their need for permanency established that the termination of the father's parental rights was in their manifest best interests.[1]
The father appealed the TPR order, raising, among other claims, ineffectiveness of trial counsel. This court per curiam affirmed the order. See J.T. v. Dep't of Children & Families, 861 So.2d 1166 tbl. (Fla. 4th DCA 2003). While the direct appeal was pending, the father filed a petition for writ of habeas corpus in the trial court alleging ineffective assistance of counsel.
The father argued in the direct appeal, the habeas petition, and this appeal that his lawyer was ineffective because little was done to challenge DCF's allegations of egregious conduct. He contends his TPR counsel failed to produce evidence and witnesses because the witness list had been filed late. He suggests the witnesses would have shown the children were not missing as long as claimed, and that he looked for them on the beach and hotel grounds, had returned to his room just before the deputy arrived, and was not passed out drunk.
He compared his TPR counsel to his criminal defense counsel. In his criminal trial, his attorney presented testimony from the director of the children's day care center that the father was punctual and never drunk, and the kids were healthy and clean. He further alleged his TPR counsel failed to review depositions from the criminal case and did not request a continuance of the TPR proceeding pending the outcome of the criminal trial. He complained that TPR counsel did not meet regularly with him in jail and presented no evidence of his work history, skills, ability to earn money, or completion of rehabilitation programs.
The Foster Children's Project [FCP], acting as attorney ad litem for the children, moved to quash the habeas petition, arguing that the extraordinary writ could not be granted where "relief may or could have been obtained through another remedy such as an appeal or post-conviction relief." Alternatively, FCP argued that the habeas petition should not be considered until issuance of our mandate in the direct appeal.
At the criminal trial, a jury acquitted the father of child neglect for the beach incident. *725 However, the trial court found him guilty of violating his probation and reinstated his probation with additional conditions. The father then filed a motion in this court to relinquish jurisdiction for the trial court to consider the pending habeas petition. This court denied the motion.
After this court's affirmance of the TPR order, FCP filed a renewed motion to quash the habeas petition in the trial court, arguing that (1) the father lacked standing because his parental rights had been terminated; (2) habeas corpus was an improper remedy; and (3) the claim of ineffective assistance of counsel [IAC] was barred by the doctrine of res judicata having been considered and rejected in the direct appeal. The motion urged the trial court to finalize the children's pending adoption. The trial court dismissed the petition. The children were adopted on April 30, 2004.

The Law
The right to appointed counsel in a TPR case is not absolute under the federal due process clause. See Lassiter v. Dep't of Soc. Servs. of Durham County, N.C., 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Nevertheless, the Florida Supreme Court has held Florida's constitutional due process clause creates a right to appointed counsel in proceedings which can result in the permanent loss of parental custody. See In Interest of D.B., 385 So.2d 83, 90-91 (Fla.1980). In D.B., the supreme court held that a constitutional right to counsel in dependency proceedings necessarily arises in two situations: (1) when the proceedings may result in the permanent termination of parental rights; and (2) when the parent may be charged with criminal child abuse. Id.
Independent of Florida's constitutional due process clause, Florida statutes provide for court-appointed counsel in all dependency proceedings, including a TPR proceeding. See § 39.013(9)(a), Fla. Stat. (2002).
Our supreme court's most recent statement on collateral challenges regarding counsel's effectiveness in dependency proceedings is S.B. v. Department of Children & Families, 851 So.2d 689 (Fla.2003). There, the court held the parent "did not have a constitutional right to counsel and therefore could not collaterally challenge the effectiveness of counsel" even though Florida statutes specifically provided the right to counsel. Id. at 690. The court discussed the numerous stages at which a parent is statutorily entitled to appointed counsel, but specifically rejected the concept that "all indigent participants in juvenile dependency proceedings are entitled, as a fundamental right, to have counsel supplied to them by the state." Id. at 692.
In holding there was no right to collaterally attack the effectiveness of counsel in a dependency proceeding, the court distinguished dependency proceedings from parental termination proceedings and those leading to criminal charges. By doing so, our supreme court distinguished a statutory right to counsel from a constitutional right. The former does not carry with it the concomitant right to effective assistance of counsel. However, a constitutional right to counsel does.
But, that is not the end of the inquiry or the analysis. The fact simply remains that Florida has not by statute or rule created a mechanism by which a parent may collaterally attack the effectiveness of counsel in a TPR proceeding.
We have reviewed cases from around the country that have tackled this very difficult issue. The issue is difficult because it pits the "protected interest in preserving the family and raising one's children" against the manifest best interests of children and their need for permanency. *726 Id. at 692. The very issue calls into play questions of procedure, time requirements, burdens of proof, and a balancing of interests.
We begin our analysis with the obviousa constitutional right to counsel means effective counsel; otherwise, the right is meaningless. See In the Interest of M.R., 565 So.2d 371 (Fla. 1st DCA 1990). Yet, a challenge to counsel's effectiveness in a TPR differs significantly from the traditional collateral attack on criminal judgments. It does not involve the same rights; it does not involve the same liberty interest; it does not involve the same standard of proof; it does not involve the judge in the same role; it does not involve the same time frames; and it does not involve the same parties.
The right to counsel in criminal matters derives from the Sixth Amendment of the United States Constitution, whereas the right to counsel in termination proceedings derives from Florida's due process clause. See Art. I, § 9, Fla. Const. The liberty interest at stake in criminal cases is simply not equivalent to that involved in custody cases involving children. "The `custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged through federal habeas." See In re Adoption of T.M.F., 392 Pa.Super. 598, 611, 573 A.2d 1035, 1042 (1990) (quoting Lehman v. Lycoming County Children's Servs., 458 U.S. 502, 510-11, 102 S.Ct. 3231, 73 L.Ed.2d 928 (1982)).
The standard of proof in termination proceedingsclear and convincing evidencealso differs from the standard of proof in criminal casesbeyond a reasonable doubt. While both standards are high, they are not the same. And, as our supreme court has noted
[t]he procedures and goals as they relate to the dependency of a child are different in form and function from those procedures and goals in place for criminal adjudications. In fact, the kinds of issues addressed in a collateral proceeding in criminal cases are part and parcel of the procedures already in place in dependency proceedings. Creating an additional process for a collateral proceeding in dependency matters would be duplicative of the safeguards already in place, and would undermine the stated goal of parsimoniously remedying the family's problems.
S.B., 851 So.2d at 693.
The role of the judge in termination proceedings is different from that in a criminal proceeding. See, e.g., Baker v. Marion County Office of Family & Children, 810 N.E.2d 1035 (Ind.2004). The judge in a termination proceeding is the fact finder, the sentinel of the child's best interest, and an involved participant in the process. The criminal trial judge, however, must maintain a neutral arbiter position. "Under the aegis of the court, the role of the lawyer, while important, does not carry the deleterious impact of ineffectiveness that may occur in criminal proceedings." T.M.F., 573 A.2d at 1042.
And perhaps most importantly,
[c]riminal proceedings move in a different time frame than do termination proceedings. Failure to move a criminal proceeding within specific times may result in dismissal; such is not the case in termination proceedings. Improper or inadequate action by counsel may be rectified in part or in toto months or years after a final judgment of sentence with beneficial results for the appellant, whereas a review which turns around a decree of termination, unless done within a narrowly constrained time frame may do incalculable damage to the child *727 with only marginal or questionable benefit to the parent.
Id. at 1043. Even the United States Supreme Court has recognized "a psychological determinate in child custody proceedings having to do with the child's sense of time, which is measured by a different and faster clock than an adults, and the fact is that children evolve, grow, acquire new attachments and have differing needs which cannot be sublimated to the niceties of legal proceedings and the sometime dubious vagaries of the attacks on a decree." Id.
The parties in a criminal habeas petition are the defendant and the official that has custody of the body. In this habeas petition, the father has filed the petition against the Department of Children and Families. However, these children have been adopted since April 2004. The adopted parents were not named in the petition and have not participated in these proceedings.
Given these differences, courts across the country have struggled to decide the proper vehicle for pursuit of ineffectiveness of counsel claims arising from a TPR.[2] Only one state has relied upon a petition for writ of habeas corpus. In re O.S., 102 Cal.App.4th 1402, 126 Cal. Rptr.2d 571, 575 (2002). Yet, other courts have held that petitions for writs of habeas corpus are not the proper vehicle to raise ineffective assistance of counsel claims. See Cosgrove v. Kansas State Dep't. of Soc. & Rehab. Servs., 14 Kan.App.2d 217, 786 P.2d 636, cert. denied, 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 208 (1990).
The goal in a termination of parental rights is to get the child in a healthy environment and, preferably, to find adoptive parents. If such petitions were allowed, adoptions would be impractical because the adoptive parents would be subject to a suit at any time. The need for finality in termination cases is overriding. Also, if the right of habeas is extended to an intangible interest such as parental rights, it would, by analogy, be extended to other "fundamental liberty interests," the scope of which could be enormous.
Id. at 220-21, 786 P.2d 636. See also In re Jonathan M., 255 Conn. 208, 764 A.2d 739 (2001) (holding a habeas petition may not be used to collaterally attack a termination judgment); State ex rel. Juvenile Dep't of Multnomah County v. Geist, 310 Or. 176, 796 P.2d 1193, 1201-03 (1990) (habeas relief not available to collaterally attack effectiveness of counsel in TPR cases).
In Lassiter v. Department of Social Services, 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981), the United States Supreme Court balanced the competing interests in determining whether an indigent parent was entitled to appointment of counsel in termination proceedings. Those interests were the parent's interest in "accuracy and justice," the government's interest *728 in the child's welfare and cost avoidance, and the risk of erroneously depriving a parent of a child. The Court concluded "the complexity of the proceeding and the incapacity of the uncounseled parent could be, but would not always be, great enough to make the risk of an erroneous deprivation of the parent's rights insupportably high." Id. at 31, 101 S.Ct. at 2153.
This court has also recognized that the right to counsel in a TPR case is not the same as that enjoyed by a defendant in a criminal case. See Ostrum v. Dep't of Health & Rehabilitative Servs., 663 So.2d 1359 (Fla. 4th DCA 1995) (counsel in a TPR appeal is not required to file a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), before being permitted to withdraw).
And, the perils inherent in the use of habeas corpus petitions, such as unlimited time to file the petition, the lack of any identified rules, the proper burden of proof, and the proper parties to such a petition, lead us to conclude that any attack on the effectiveness of counsel must come in the form of a direct appeal or a post-trial motion authorized by the rules. See, e.g., Fla. R. Juv. P. 8.270(b). See also In re Jonathan M., 255 Conn. 208, 764 A.2d 739 (2001); Baker v. Marion County Office of Family & Children, 810 N.E.2d 1035 (Ind.2004) (suggesting the use of a motion to open judgment); V.F. v. State, 666 P.2d 42 (Alaska 1983) (direct appeal of ineffective assistance of counsel claim); In the Interest of S.D., 671 N.W.2d 522 (Iowa Ct.App.2003); Ex parte E.D., 777 So.2d 113 (Ala.2000).
Of course, these vehicles are not without their own obstacles. The trial attorney may also handle the appeal thus making a claim of ineffectiveness unlikely. The record on appeal may be insufficient to establish a viable claim. Appellate courts do not often entertain ineffectiveness of counsel claims on direct appeal. In re Stephen, 401 Mass. 144, 514 N.E.2d 1087, 1091 (1987) (preferring the filing of a motion for new trial and explaining that absent extraordinary circumstances, an IAC claim may not be raised for the first time on appeal). However, nearly all states that permit ineffectiveness of counsel claims to be raised on direct appeal have developed procedural rules to allow for additional fact finding if necessary.[3] Florida's Rules of Juvenile Procedure do not currently contain such procedures.[4]
*729 In this case, the father raised the ineffective assistance of counsel in his direct appeal. A panel of this court affirmed the TPR without opinion. It cannot now be discerned whether the ineffectiveness of counsel claim was considered on its merits or whether the lack of an identified process for bringing such a claim caused the panel to affirm. One thing is certain, however. Neither our legislature nor our judicial system has authorized the use of a petition for habeas corpus for ineffective assistance of counsel claims in termination of parental rights cases nor have they created an alternative mechanism to pursue such a claim, a fact acknowledged by the father.
It is not our place to legislate or promulgate. The interests at stake here are too paramount and the risk of harm too great to open Pandora's Box. We therefore affirm the trial court's dismissal of the habeas corpus petition and certify the following questions to the Supreme Court of Florida for consideration.
Does Florida recognize a claim of ineffective assistance of counsel arising from a lawyer's representation of a parent(s) in a proceeding for the termination of parental rights?
If so, what procedure must be followed to pursue a claim of ineffective assistance of counsel?
POLEN J., concurs.
STEVENSON, C.J., concurs in part and dissents in part with opinion.
STEVENSON, C.J., concurring in part and dissenting in part.
I concur in part and dissent in part. I would hold that Florida's due process clause guarantees the right to meaningful and effective assistance of counsel in termination of parental rights proceedings and that this issue may be raised by petition for writ of habeas corpus.
Today the majority has held that an ineffective assistance of counsel claim in a TPR case may be raised in a direct appeal, but not by way of collateral attack. The majority concludes that the door to collateral relief is closed since there are no rules authorizing such post-trial motions and because no Florida court has ever said that habeas corpus applies. While the majority is correct in that there are no rules authorizing such motions, valuable precedent and persuasive authority would dictate that, under Florida law, the claims in this case can be presented via the common-law writ of habeas corpus. In In re E.H., 609 So.2d 1289 (Fla.1992), the Florida Supreme Court held that a mother was entitled to file a belated appeal in a TPR case due to her counsel's ineffective assistance in failing to timely file a notice of appeal; according to the court, the proper procedure for obtaining the belated appeal was by petition for writ of habeas corpus.
[I]n those limited situations when a parent is entitled to belated appeal, the petition for writ of habeas corpus is the proper procedural vehicle for seeking the appeal. The writ of habeas corpus was designed as a speedy method of affording a judicial inquiry into the cause of the alleged unlawful custody of an individual. State ex rel. Paine v. Paine, 166 So.2d 708 (Fla. 3d DCA 1964). For that reason, habeas corpus has been authorized as a remedy for ascertaining a parent's right to custody of his or her children. Id. We hold that the parent's petition for writ of habeas corpus should be filed with the trial court. This will permit a resolution of any factual issues as well as any defenses including those predicated upon laches.
*730 609 So.2d at 1290-91. Refusing to elevate form over substance, the court further stated: "We did not grant the belated appeal in this case based on precedent, but on the significant policy interest in ensuring that a parent and child are not separated without a thorough review of the merits of the case." Id. at 1291.
In my view, E.H. supports the proposition that the writ of habeas corpus can be an appropriate vehicle in which to bring a claim of ineffective assistance of counsel in a TPR case even where, as here, the alleged deficiency is not as obvious as the failure to file a notice of appeal. Indeed, the absence of authorized post-trial motions for these types of claims makes the case for habeas corpus even more compelling. Until supplanted by rule, habeas corpus was the recognized means by which to challenge the effectiveness of counsel in criminal cases. See Roy v. Wainwright, 151 So.2d 825 (Fla.1963); see also Fla. R.Crim. P. 3.850; Fla. R.App. P. 9.141(c). Recently, the First District noted that there were no procedural rules available and held that a petition for writ of habeas corpus was the appropriate way to assert an ineffective assistance of counsel claim in an involuntary commitment case under the Jimmy Ryce Act:
Any attempt to address the issue of ineffective assistance of counsel on direct appeal would be subject to the same problems inherent in addressing the issue in the criminal context. The trial judge has not made any findings regarding the issue. Other than the rare case where counsel's ineffectiveness can be discerned from the face of the record, claims of ineffective assistance of counsel need to be raised in some type of collateral proceeding where fact finding can take place.
Manning v. State, 913 So.2d 37, 38 (Fla. 1st DCA 2005).
As the majority noted, California, for example, permits the writ of habeas corpus to collaterally attack the competency of TPR counsel, recognizing that in some situations this is the only available method to introduce evidence that is outside the record, like omissions by counsel. See In re O.S., 102 Cal.App.4th 1402, 126 Cal. Rptr.2d 571, 575 (2002). As repeatedly acknowledged in the criminal context, the record in a direct appeal is often insufficient to review a claim of ineffective assistance of counsel. See, e.g., Gore v. State, 784 So.2d 418, 437 (Fla.2001); Owens v. State, 920 So.2d 59 (Fla. 4th DCA 2005); Cumper v. State, 506 So.2d 89 (Fla. 2d DCA 1987). This is especially so where the claim is based on counsel's failure to investigate or call witnesses, or some other omission. Counsel's omissions are often inadequately represented in the record. Even claims based on counsel's actions sometimes require evidentiary hearings to determine whether counsel acted reasonably in the context of the litigation. Also, TPR appeals are often handled by the same attorney who represented the parent in the trial court. Attorneys are not likely to raise their own ineffectiveness as an issue on appeal. In many instances, requiring that an ineffective assistance of counsel claim be raised on direct appeal would simply not afford meaningful review.
Although I would hold that a petition for writ of habeas corpus is authorized, I would emphasize that claims of ineffective/lack of meaningful assistance of TPR counsel should be raised on direct appeal whenever possible. When habeas corpus is used, the ineffective assistance claims should be made promptly and without unreasonable delay. Considering the strong interest in finality and stability for the children involved, the Supreme Court of Florida could enact rules establishing reasonable time restrictions for filing ineffective *731 assistance claims by way of habeas corpusperhaps as short as sixty days after the order terminating parental rights is entered.
Here, E.T. did not unreasonably delay raising his claims of ineffective assistance of TPR counsel. E.T. attempted to raise his claims in the trial court while the direct appeal was pending. He tried to get an evidentiary hearing on his claims before a decision was made in the direct appeal. He argued that the record on appeal was insufficient to consider his claims and asked this court to relinquish jurisdiction so he could create an adequate record in the trial court. He tried to raise the claims on direct appeal, even though the record at the time was not sufficient.[5] The procedure to be followed was unclear. Although he filed a copy of his petition for writ of habeas corpus with his reply brief, the reply brief was stricken and not considered by this court in the direct appeal.
Accordingly, I would reverse the order dismissing E.T.'s petition for writ of habeas corpus and remand this matter to the trial court for an evidentiary hearing on E.T.'s claims. The record herein, and the attachments previously provided, do not conclusively refute E.T.'s allegations that his court-appointed counsel failed to provide meaningful assistance. Cf. Rose v. State, 617 So.2d 291, 296 (Fla.1993) (holding that an evidentiary hearing is required where the record does not conclusively refute defendant's allegations of ineffective assistance of counsel). Appellees argue that E.T.'s claim should be barred by laches since the children have already been adopted. I would leave the initial determination of that issue to the trial court, after consideration of all the relevant facts and circumstances attending the delay.

ALPHABETICALLY
------------------------------------------------------------------------------------------------------------------------
State Authority Comments
------------------------------------------------------------------------------------------------------------------------
Alabama S.C.D. v. Etowah County Dep't of Human Res., 841 So.2d 277 (Ala.Civ. Permits direct appeal and
 App.2002). indicates should be raised
 by post-trial motion.
 Crews v. State, Houston County Dep't of Pensions & Sec., 358 So.2d
 451 (Ala.Civ.App.), cert. denied, 358 So.2d 456 (Ala.1978).
 S.E. v. J.D.G., 869 So.2d 1177 (Ala.Civ.App.2003).
 Ex parte E. D., 777 So.2d 113 (Ala.2000).
------------------------------------------------------------------------------------------------------------------------
Alaska Stanley B. v. State, DFYS, 93 P.3d 403 (Alaska 2004). Permits direct appeal.
 V.F. v. State, 666 P.2d 42 (Alaska 1983).
------------------------------------------------------------------------------------------------------------------------
Arizona Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Arkansas Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
California In re Olivia J., 21 Cal.Rptr.3d 506 (Cal.Ct.App.2004), review granted, Permits direct appeal and
 108 P.3d 862 (Cal.2005). raising by habeas corpus.
 In re O.S., 126 Cal.Rptr.2d 571 (Cal.Ct.App.2002).
 In re Meranda P., 65 Cal.Rptr.2d 913 (Cal.Ct.App.1997).
------------------------------------------------------------------------------------------------------------------------
Colorado People in interest of V.M.R., 768 P.2d 1268 (Colo.Ct.App.1989). Permits direct appeal.
 People in interest of V.A.E.Y.H.D., 199 Colo. 148, 605 P.2d 916 (1980)
 (en banc).
------------------------------------------------------------------------------------------------------------------------
Connecticut In re Jonathan M., 255 Conn. 208, 764 A.2d 739 (2001). Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
Delaware Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
District of Issue not addressed.
Columbia
------------------------------------------------------------------------------------------------------------------------

*732
Florida
------------------------------------------------------------------------------------------------------------------------
Georgia In re F.C., 248 Ga.App. 675, 549 S.E.2d 125 (2001). Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
Hawaii Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Idaho Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Illinois In Interest of D.M., 631 N.E.2d 341 (Ill.App.Ct.1994). Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
Indiana Baker v. Marion County Office of Family & Children, 810 N.E.2d 1035 Permits direct appeal.
 (Ind.2004).
------------------------------------------------------------------------------------------------------------------------
Iowa In re S.D., 671 N.W.2d 522 (Iowa Ct.App.2003). Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
Kansas Cosgrove v. Kansas State Dep't of Soc. & Rehab. Servs., 14 Kan.App.2d Permits direct appeal.
 217, 786 P.2d 636, cert. denied, 498 U.S. 897 (1990).
------------------------------------------------------------------------------------------------------------------------
Kentucky Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Louisiana Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Maine Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Maryland Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Massachusetts In re Adoption of Tori, 57 Mass.App.Ct. 1115, 786 N.E.2d 1 tbl. (2003). Permits direct appeal.
 In re Stephen, 401 Mass. 144, 514 N.E.2d 1087 (1987).
------------------------------------------------------------------------------------------------------------------------
Michigan In re Smith-Baer, No. 249459, 2004 WL 243409 (Mich.Ct.App. Feb.10, Permits direct appeal.
 2004) (unpublished).
------------------------------------------------------------------------------------------------------------------------
Minnesota Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Mississippi Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Missouri In Interest of J.C., Jr., 781 S.W.2d 226 (Mo.Ct.App.1989). Permits direct appeal.
 In Interest of J.M.B., 939 S.W.2d 53 (Mo.Ct.App.1997).
------------------------------------------------------------------------------------------------------------------------
Montana In re A.S., 2004 MT 62, 87 P.3d 408. Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
Nebraska In re Joshua R., 265 Neb. 374, 657 N.W.2d 209 (2003). No right to effectiveness.
 In re Interest of Heather R., 269 Neb. 653, 694 N.W.2d 659 (2005).
------------------------------------------------------------------------------------------------------------------------
Nevada In re Parental Rights as to N.D.O., 115 P.3d 223 (Nev.2005). No across-the-board right
 to appointment.
------------------------------------------------------------------------------------------------------------------------
New Hampshire Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
New Jersey N.J. Div. of Youth & Family Servs. v. J.R.S., No. A-4230-04T4, A-4291-04T4, Permits direct appeal.
 2005 WL 2675053 (N.J.Super.App.Div. Oct. 21, 2005) (unpublished).
------------------------------------------------------------------------------------------------------------------------
New Mexico Matter of Termination of Parental Rights of James W.H., 115 N.M. Permits direct appeal.
 256, 849 P.2d 1079 (N.M.Ct.App.), cert. denied, Hellums v. State ex rel.
 Human Servs. Dep't, 115 N.M. 545, 854 P.2d 872 tbl. (N.M.1993).
------------------------------------------------------------------------------------------------------------------------
New York In re Bryan W., 299 A.D.2d 929 (N.Y.App.Div.2002), leave to appeal Permits direct appeal.
 denied, 785 N.E.2d 735 tbl. (N.Y.2003).
 In re Rashawn L.B., 8 A.D.3d 267 (N.Y.App.Div.2004).
------------------------------------------------------------------------------------------------------------------------
North Carolina In re Simone, No. COA01-1441, 2002 WL 31687264 (N.C.Ct.App. Permits direct appeal.
 Dec.3, 2002) (unpublished).
 Matter of Bishop, 375 S.E.2d 676 (N.C.Ct.App.1989).
------------------------------------------------------------------------------------------------------------------------
North Dakota Matter of Adoption of J.M.H., 1997 ND 99, 564 N.W.2d 623. Declined to address.
------------------------------------------------------------------------------------------------------------------------
Ohio In re H.M., 2006-Ohio-819, Nos. CA2005-09-022, CA2005-09-023, Permits direct appeal.
 2006 WL 443463 (Ohio Ct.App. Feb. 22, 2006).
------------------------------------------------------------------------------------------------------------------------
Oklahoma In re K.L.C., 2000 OK Civ.App. 98, 12 P.3d 478. Permits direct appeal.
 In the Matter of Chad S., 580 P.2d 983 (Okla.1978).
------------------------------------------------------------------------------------------------------------------------
Oregon State ex rel. State Offices of Servs. to Children & Families v. Dennis, Permits direct appeal.
 173 Or.App. 604, 25 P.3d 341, review denied, 332 Or. 558, 34 P.3d 1176
 tbl. (2001).
 State ex. rel. Juvenile Dep't of Multnomah County v. Geist, 310 Or.
 176, 796 P.2d 1193 (1990).
------------------------------------------------------------------------------------------------------------------------
Pennsylvania In re S.M., 418 Pa.Super. 359, 614 A.2d 312 (1992). Permits direct appeal.

*733
 In re Adoption of T.M.F., 392 Pa.Super. 598, 573 A.2d 1035 (1990).
------------------------------------------------------------------------------------------------------------------------
Rhode Island In re Amber P., 877 A.2d 608 (R.I.2005). Declined to address.
------------------------------------------------------------------------------------------------------------------------
South Carolina Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
South Dakota In re People ex rel. S.D. Dep't of Soc. Servs., 2004 SD 131, 691 N.W.2d Permits direct appeal.
 586.
------------------------------------------------------------------------------------------------------------------------
Tennessee In re M.H., No. M2005-00117-COA-R3-PT, 2005 WL 3273073 (Tenn. Declined to address.
 Ct.App. Dec.2, 2005) (unpublished).
------------------------------------------------------------------------------------------------------------------------
Texas Brice v. Denton, 135 S.W.3d 139 (Tex.App.2004). Permits direct appeal.
 In re K.L., 91 S.W.3d 1 (Tex.App.2002).
------------------------------------------------------------------------------------------------------------------------
Utah State ex rel. M.M., 2003 UT 54, 82 P.3d 1104. Permits direct appeal.
 State in Interest of E.H. v. A.H., 880 P.2d 11 (Utah Ct.App.), cert.
 denied, 890 P.2d 1034 tbl. (Utah 1994).
------------------------------------------------------------------------------------------------------------------------
Vermont In re A.D.T., 174 Vt. 369, 817 A.2d 20 (2002). Declined to address.
------------------------------------------------------------------------------------------------------------------------
Virginia Wright v. Alexandria Div. of Soc. Servs., 16 Va.App. 821, 433 S.E.2d Permits direct appeal.
 500 (1993), cert. denied, 513 U.S. 1050 (1994).
------------------------------------------------------------------------------------------------------------------------
Washington In re Moseley, 34 Wash.App. 179, 660 P.2d 315 (Wash.Ct.App.1983). Permits direct appeal.
------------------------------------------------------------------------------------------------------------------------
West Virginia Issue not addressed.
------------------------------------------------------------------------------------------------------------------------
Wisconsin In re Termination of Parental Rights of Brittany Ann H., 2000 WI 28, Indicates should be
 607 N.W.2d 607. raised by post-trial
 motion.
------------------------------------------------------------------------------------------------------------------------
Wyoming Issue not addressed.
------------------------------------------------------------------------------------------------------------------------

PERMIT DIRECT APPEAL  27
Alabama
Alaska
California
Colorado
Connecticut
Georgia
Illinois
Indiana
Iowa
Kansas
Massachusetts
Michigan
Missouri
Montana
New Jersey
New Mexico
New York
North Carolina
Ohio
Oklahoma
Oregon
Pennsylvania
South Dakota
Texas
Utah
Virginia
Washington
HAVE NOT ADDRESSED THE ISSUE  16
Arizona
Arkansas
Delaware
District of
Columbia
Hawaii
Idaho
Kentucky
Louisiana
Maine
Maryland
Minnesota
Mississippi
New Hampshire
South Carolina
West Virginia
Wyoming
DECLINED TO ADDRESS  4
North Dakota
Rhode Island
Tennessee
Vermont
*734
PERMITS PETITION FOR HABEAS CORPUS  1
California[*]POST-TRIAL MOTION  2
Alabama[*]
Wisconsin
No RIGHT  2
Nebraska  to effectiveness
Nevada  to across-the-board appointment of counsel
NOTES
[1] The mother's parental rights were terminated in the same order, but she is not involved in this appeal.
[2] Outside of Florida, thirty-one states have addressed the issue of ineffective assistance of counsel in TPR proceedings. Of those, twenty seven states (Alabama, Alaska, California, Colorado, Connecticut, Georgia, Illinois, Indiana, Iowa, Kansas, Massachusetts, Michigan, Missouri, Montana, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Oregon, Pennsylvania, South Dakota, Texas, Utah, and Virginia) have permitted the issue to be raised on direct appeal. Two states (Alabama, Wisconsin) have indicated the issue should be raised by post-trial motion, and only one state (California) has allowed the issue to be raised by habeas corpus petition. One state (Nevada) has disallowed a claim for ineffective assistance of counsel. Four states (North Dakota, Rhode Island, Tennessee, and Vermont) have declined to address the issue. And, fifteen states (Arizona, Arkansas, Delaware, Hawaii, Kentucky, Louisiana, Maine, Maryland, Minnesota, Mississippi, and Nebraska) have simply not addressed the issue.
[3] See In re Termination of Parental Rights of Brittany Ann H., 233 Wis.2d 344, 607 N.W.2d 607 (allowing a post-trial hearing on a motion for relief from judgment which challenges the effectiveness of counsel in a TPR). See also In re Smith-Baer, No. 249459, 2004 WL 243409 (Mich.Ct.App. Feb. 10, 2004) (unpublished) (to preserve issue for direct appeal, parent must seek evidentiary hearing or file motion for new trial in the trial court; otherwise, review is limited to ineffectiveness apparent on the face of the record); S.E. v. J.D.G., 869 So.2d 1177, 1178 (Ala.Civ.App. 2003) (claim must be preserved for direct appeal by a post-trial motion filed in the trial court); In re Stephen, 401 Mass. 144, 514 N.E.2d 1087, 1091 (1987) (preferring the filing of a motion for new trial and explaining that absent extraordinary circumstances, an IAC claim may not be raised for the first time on appeal); In re S.D., 671 N.W.2d 522, 530 (Iowa Ct.App.2003) (direct appeal is the only way to raise claim, but procedural mechanism exists for parent to seek limited remand for additional fact-finding).
[4] The Oregon Supreme Court discussed a proposed method of dealing with ineffectiveness claims in State ex rel. Juvenile Department of Multnomah County v. Geist, 310 Or. 176, 796 P.2d 1193, 1201-03 (1990). It suggested that appellate counsel could file a motion for remand in the appellate court setting forth specific claims of omissions and showing the need for an evidentiary hearing. See id. at 1204 n. 16. The appellate court would then review the legal sufficiency of the claim and remand the case to the trial court for any necessary evidentiary hearing.
[5] No view of the record would suggest that E.T.'s claim of ineffective assistance of TPR counsel was ripe for determination in the direct appeal since much of the evidence to support the claim lay outside of that record.
[*] Double counted.