PER CURIAM.
We affirm the final order of termination of parental rights, but do so without prejudice for T.H. to file a motion or petition with the court below, seeking collateral relief on his claim (raised in this appeal) that his appointed counsel provided constitutionally ineffective assistance. This is neither a comment on the relative merits of such a claim, nor even an explicit recognition that T.H. has a right to seek such relief. But see In re D.B., 385 So.2d 83, 87 (Fla.1980) (holding “a constitutional right to counsel necessarily arises where the proceedings can result in permanent loss of parental custody”); S.B. v. Dep’t of Children and Families, 851 So.2d 689, 692 (Fla.2003) (explaining the right to counsel in TPR proceedings is “based on the recognition that there is a constitutionally protected interest in preserving the family and raising one’s children”); E.T. v. State, Dept, of Children & Families, 930 So.2d 721, 726 (Fla. 4th DCA 2006) (recognizing “a constitutional right to counsel means effective counsel; otherwise, the right is meaningless”).[1]

. If a right to seek such relief exists, however, we do not believe under the facts and procedural posture of this case that it was properly raised on direct appeal. But see E.T., 930 So.2d at 729 (holding a claim of ineffective assistance of counsel in a TPR proceeding should be raised on direct appeal, and certifying two questions to the Supreme Court of Florida for its consideration: "Does Florida recognize a claim of ineffective assistance of counsel arising from a lawyer’s representation of a parent(s) in a proceeding for the termination of parental rights? If so, what procedure must be followed to pursue a claim of ineffective assistance of counsel?")