GRIFFIN, J.
The Department of Children and Families [“the Department”] appeals an order granting appellees’ motion to dismiss the Department’s petition for dependency. We find there was a procedural error, and we vacate the dismissal.
On November 5, 2004, the Department filed a dependency petition against the parents of three minor children based on inadequate supervision. The petition alleged that the mother left her two-year-old in the car while she went into Walgreen’s to purchase cigarettes and then had an altercation in the parking lot with a pregnant woman who found her child unattended. The petition additionally alleged that the mother was arrested and charged with child neglect.. Subsequently, a shelter petition based on these events was filed. The trial court denied the shelter petition on December 17, 2004.
The Department filed an amended petition for dependency seeking shelter and a second shelter petition was filed on Janu *335 ary 12, 2005. It alleged for the second time the inadequate supervision of the mother based on the Walgreen’s incident. It also averred that, on December 13, 2004, the Department received a report by one of the children that his father had struck him in the mouth, causing his mouth to bleed, and which kept him out of school. It additionally alleged incidents of past physical abuse and past psychological problems of the mother. The trial court denied the second shelter petition on January 12, 2005. No basis for the denial was given and a transcript of the hearing is not part of the record on appeal. Apparently, at the second hearing, appellees also made an ore tenus motion to dismiss the dependency petition, which the trial court denied, observing that the parents should file a written motion prior to the next status hearing.
At the next status hearing on January 25, 2005, counsel for the parents handed an unsworn motion to dismiss to the court and acknowledged that they had not previously provided a copy to the Department. The trial court stated that it recalled the matter coming before it and denying the shelter petition. The trial judge said he was disinclined to go back and revisit issues that had already been decided by another judge, which had been one of the reasons for his denying the previous shelter petition.
The Department tried to persuade the court that there was a difference between shelter and dependency and that it would be incorrect to determine that denial of a shelter petition was dispositive of a dependency action. The parents responded that the underlying premise of either a dependency or a shelter is risk to the child. The parents asked to prove lack of risk with the testimony of Michelle Miller, one of the Department’s agents. The Court allowed her testimony.
Ms. Miller testified that she had been out to check on the children once a month for the last seven out of eight months and that she did not witness any abuse to the children. On cross, she admitted that her visits were limited to one a month and that it was not her job to investigate abuse but simply to “follow-up” for supervision purposes. At the conclusion of the testimony, the trial court determined that the only issues relied on by the Department had already been adjudicated and dismissed the petition.
Motions to dismiss in dependency cases are governed by Florida Rule of Juvenile Procedure 8.235(b) and (c):
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss is granted where a child is being sheltered under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Sworn Motion to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of dependency. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the party. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The opposing parties may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the party. The motion shall be denied if the party files a written traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss.
*336 The motion to dismiss this case was not sworn and so was governed by subsection (b). It was error to dismiss the dependency at the status hearing because the motion was neither served on DCF within a reasonable time before the hearing nor filed prior to the hearing. Fla. R. Juv: P. 8.240(c)(1). Additionally, a motion under Rule 8.235(b) tests the legal sufficiency of the petition much as a motion to dismiss for failure to state a cause of action in a civil case tests the sufficiency of the pleadings. Here, the allegations supporting dependency were sufficient. Finally, an adverse ruling on a shelter petition does not govern the disposition of a motion to dismiss a dependency proceeding. See § 39.402, Fla. Stat. (2004).
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.