PER CURIAM.
We initially accepted jurisdiction to review the decision of the Fourth District Court of Appeal in E.T. v. State, 930 So.2d 721 (Fla. 4th DCA 2006). The district court ruled upon the following question, which the court certified to be of great public importance:
(1) DOES FLORIDA RECOGNIZE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM A LAWYER’S REPRESENTATION OF A PARENT(S) IN A PROCEEDING FOR THE TERMINATION OF PARENTAL RIGHTS?
(2) IF SO, WHAT PROCEDURE MUST BE FOLLOWED TO PURSUE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?
Id. at 729. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
Upon further consideration, we have now determined that because the children have been adopted the case is moot. Because the case is moot, we exercise our discretion and discharge jurisdiction. The issue of ineffective assistance of counsel claims in termination of parental rights cases will be referred to the Juvenile Court Rules Committee and the Appellate Court Rules Committee for consideration *560 of a rule to address such claims. Accordingly, this review proceeding is hereby dismissed.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ.,'concur.