995 So.2d 583 (2008)
L.H., Mother of R.H. and R.H., Children, et al., Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
Nos. 5D08-133, 5D08-134.
District Court of Appeal of Florida, Fifth District.
October 23, 2008.
Order Certifying Questions and Denying Rehearing November 25, 2008.
Ryan Thomas Truskoski, of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
Jeffrey Dana Gillen, Statewide Appeals Director, Department of Children and Family Services, West Palm Beach, for Appellee.
Jennifer S. Paullin, Orlando, for Guardian ad Litem Program.
ORFINGER, J.
The mother, L.H., appeals the trial courts order terminating her parental rights to her children, Ras. H. and Ray. H. The mother argues that the Department of Children and Families (DCF) failed to prove any of the statutory grounds to terminate her parental rights by clear and convincing evidence. On the record before us, we affirm as to the sufficiency of the evidence without further discussion. The mother also argues that she received ineffective assistance of counsel at trial, but concedes that the ineffectiveness is not apparent on the face of the record. Because *584 we lack a mechanism to review such a claim, we affirm the trial court's order.
In E.T. v. State, Department of Children & Families, 930 So.2d 721 (Fla. 4th DCA 2006), the Fourth District cogently discussed the state of the law regarding ineffective assistance of counsel claims in termination of parental rights proceedings. There, the court recognized that because the Florida Supreme Court held in In re the Interest of D.B., 385 So.2d 83 (Fla. 1980), that parents have the right to appointed counsel in termination cases under the Florida Constitution, the constitutional right to appointed counsel means effective counsel; otherwise, the right is meaningless. Id. at 725-26. However, the court acknowledged that a challenge to counsel's effectiveness in termination proceedings differs significantly from the traditional collateral attack on criminal judgments. The court explained that termination and criminal cases do not involve the same rights, same liberty interests, same standards of proof, same time frames, same parties, nor does the judge occupy the same role. Id. at 726-27.
Given these differences, the Fourth District noted that courts across the country have struggled to decide a proper vehicle to address ineffective assistance of counsel claims arising in termination proceedings, resulting in very different outcomes. Id. at 727. Still, the court found that although the right to counsel in termination proceedings is not the same as one enjoyed by defendants in criminal cases, depriving a parent of a child as well as a parent's interest in the accuracy and justice of the termination proceedings are extremely important interests warranting deference and protection. Id. at 728. Notwithstanding, the Fourth District determined that neither the Legislature nor the judicial system had authorized the use of a petition for habeas corpus for ineffective assistance of counsel claims in termination cases nor had they created an alternative mechanism to pursue such a claim. As a result, the court affirmed the trial court's dismissal of the habeas corpus petition, stating that it was not the judicial branch's place to "legislate or promulgate," and the "interests at stake ... [were] too paramount and the risk of harm too great to open Pandora's Box." Id. at 729. However, the court certified two questions to the Florida Supreme Court, asking the court whether Florida recognized a claim of ineffective assistance of counsel arising from a lawyer's representation of a parent(s) in a proceeding for the termination of parental rights, and, if so, what procedure must be followed to pursue a claim of ineffective assistance of counsel. Id.
Since that opinion was rendered in 2006, the law regarding the procedure to assert an ineffective assistance of counsel claim in termination proceedings and the standard to be utilized remains unresolved. The Florida Supreme Court referred this issue to the Juvenile Court Rules Committee and the Appellate Court Rules Committee for consideration of a rule to address such claims. See E.T. v. State, 957 So.2d 559 (Fla.2007). To date, the Rules Committees have not generated a proposed rule for consideration by the Florida Supreme Court.
Because Florida law provides no specific mechanism for challenging the effectiveness of counsel in a termination case, a parent must employ one of the procedures available in civil cases, such as direct appeal or a post-trial motion authorized by the rules, but as this case demonstrates, those procedures are lacking. See generally E.T., 930 So.2d at 727-28 nn. 2-4. Here, the mother attempts to present the issue for the first time on appeal. However, as she candidly concedes, the record does not contain sufficient information *585 to enable this Court to determine the merits of her claim. See S. Calkins, Ineffective Assistance of Counsel in Parental-Rights Termination Cases: The Challenge for Appellate Courts, 6 J.App. Prac. & Process 179, 209 (2004) ("[I]n some cases it will be impossible to determine the merits of an ineffectiveness claim from the appeal record."). On the record before us, we must affirm the trial court's order terminating the mother's parental rights. We do not know if she received constitutionally adequate counsel or not, though we assume, without deciding, that she did. See Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (determining that court must indulge "a strong presumption that counsel's conduct falls within wide range of reasonable professional assistance").[1] At the same time, we recognize that trial and appellate courts continue to struggle with this issue. Accordingly, we again urge the Florida Supreme Court and the Juvenile and Appellate Rules Committees to provide guidance on this important issue.
AFFIRMED.
MONACO and LAWSON, JJ., concur.

ON MOTIONS FOR REHEARING, CLARIFICATION AND CERTIFICATION
ORFINGER, J.
We deny Appellant's Motion for Rehearing. We also deny Appellee's Motion for Rehearing or Clarification. We grant Appellant's Motion for Certification and certify the following questions to the Florida Supreme Court pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(B)(i):
1. DOES FLORIDA RECOGNIZE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM A LAWYER'S REPRESENTATION OF A PARENT(S) IN A PROCEEDING FOR THE TERMINATION OF PARENTAL RIGHTS?
2. IF SO, WHAT PROCEDURE MUST BE FOLLOWED TO PURSUE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?
QUESTIONS CERTIFIED.
MONACO and LAWSON, JJ., concur.
NOTES
[1] Given the uncertain state of the law on this issue, we are not clear if the standards and presumptions established in Strickland have any application here.