PER CURIAM.
We have for consideration the regular cycle report of proposed rule amendments filed by The Florida Bar’s Juvenile Court Rules Committee. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(b).
BACKGROUND
The Juvenile Court Rules Committee (Committee) has filed its regular cycle report proposing amendments to the following rules: 8.010 (Detention Hearing); 8.070 (Arraignments); 8.080 (Acceptance of Guilty or Nolo Contendere Plea); 8.100 (General Provisions for Hearings); 8.115 (Disposition Hearing); 8.130 (Motion for Rehearing); 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers); 8.235 (Motions); 8.257 (General Magistrates); 8.265 (Motion for Rehearing); 8.310 (Dependency Petitions); 8.400 (Case Plan Development); 8.410 (Approval of Case Plans); and 8.505 (Process and Service). The Committee also proposes new forms 8.982 (Notice of Action for Advisory Hearing) and 8.978(a) (Order Concerning Youth’s Eligibility for Florida’s Tuition and Fee Exemption).[1] A number of the Committee’s proposals are in response to the recommendations of the National Juvenile Defender Center (NJDC) in its 2006 report entitled Florida: An Assessment of Access to Counsel & Quality of Representation in Delinquency Proceedings.[2] This assessment contained ten *554 “Core Recommendations” addressing various areas targeted by the NJDC for improvement.[3] The Court requested the Committee’s input on all aspects of the report and specifically sought the Committee’s advice as to whether rule amendments were warranted in response to several of the NJDC’s recommendations. In its report, the Committee proposes various amendments to rules 8.010, 8.070, 8.080, 8.100, and 8.115 in response to the NJDC’s recommendations. Several other amendments addressing other matters are also proposed. The proposed amendments were published for comment by the Committee and were reviewed and approved by the Board of Governors of The Florida Bar.
After submission to the Court, the Committee’s proposals were again published for comment. Several comments and requests for oral argument were filed by various parties. Most of the comments concerned the proposed amendment to rule 8.100 (General Provisions for Hear *555 ings), which would restrict the use of restraints on juveniles during court hearings. This amendment drew substantial comment, both for and against the proposal. The University of Miami School of Law Center for the Study of Human Rights, the University of Miami School of Law Children and Youth Law Clinic, the Florida Public Defender Association, Florida Children’s First, and the Florida Association of Criminal Defense Lawyers filed comments in favor of the proposed amendment. The Office of the State Attorney for the Second Judicial Circuit, the Sheriff of Pinellas County, and the Chief Judge of the Sixth Judicial Circuit filed comments in opposition to the proposed amendment. Substantive comments also were filed by the Department of Children and Families with regard to the proposed amendments to rules 8.225, 8.235, 8.257, 8.265, and 8.310. Oral argument was heard in this case on June 4, 2009.
AMENDMENTS
Upon consideration of the Committee’s report, the comments and responses thereto, and the presentations of the interested parties at oral argument, we amend the Florida Rules of Juvenile Procedure as further explained below.[4]
As discussed, several rule amendments were proposed by the Committee in response to the recommendations of the NJDC. Provisions are added to rules 8.010 (Detention Hearing) and 8.070 (Arraignment) requiring appointment of counsel at the detention hearing and at arraignment, respectively. This is in response to the NJDC’s recommendation that “the quality of representation in juvenile court should be improved through early appointment of counsel.”[5] Rule 8.080 (Acceptance of Guilty or Nolo Contendere Plea) is amended in response to the NJDC’s recommendation that “[jjudicial colloquies and admonitions administered to youth must be thorough, comprehensive, and easily understood” and that “[jjudges should take time to fully test a youth’s understanding,” and its recommendations regarding waiver of counsel and early appointment of counsel.[6] The amended rule expressly requires a judge to determine that a child understands an enumerated list of rights and consequences of entering a guilty or nolo contendere plea and understands that he or she has a “right to be represented by an attorney at every stage of the proceedings, and if necessary, one will be appointed.”[7]
As noted above, most of the comments filed in this case addressed the Committee’s proposed amendment to rule 8.100 (General Provisions for Hearings) restricting the use of restraints on juveniles during court appearances. The proposed amendment adds a new subdivision (b) to this rule providing that restraints, such as handcuffs, chains, irons, or straightjackets may not be used during juvenile court *556 appearances unless the court finds that the use of restraints is necessary, based on enumerated factors, and there are no less restrictive alternatives to restraint. This proposal is in response to a specific recommendation by the NJDC that restraints should not be used on children during juvenile court appearances unless extenuating circumstances warrant it.[8] As to the use of restraints in Florida’s courtrooms, the NJDC’s assessment stated that during its assessment observations,
The frequent and liberal use of restraints on youth in Florida courtrooms was disconcerting. Observers found that wrist and leg shackles with belly chains appear to be the norm in many juvenile courtrooms across the state. Without exception, every courtroom visited had youth, including very young children, fully shackled when they were brought from detention into the courthouse. These shackles remained on when the youth were brought into the courtroom itself.[9]
Additionally, the assessment noted that “[yjouth in Florida’s courts were also typically shackled together in a group,” and that “[i]n several courtrooms, observers saw youth who were brought into courtrooms in wrist and leg shackles and then were further chained to furniture, doors or other fixed structures in the courtroom to keep them in place.”[10] The assessment identified these practices as one of the barriers to just and balanced outcomes that exist in Florida’s juvenile courts. The NJDC’s recommendation 6 stated as follows:
State legislators, local policymakers, and juvenile court judges should end the practice of shackling youth by hand, foot and belly chain for court appearances unless an extenuating individual situation warrants such restraint. Under any circumstance, the practice of shackling youth to each other in a group or to fixed objects in the courtroom should be strictly prohibited.[11]
Further, in its more specific implementation strategies, the NJDC recommended that the judiciary should “[pjrohibit the generalized policy of allowing youth to appear in juvenile court in shackles or handcuffs unless extenuating circumstances warrant such restraint in individual cases” and “[e]nd, without exception, the practice of shackling youth to fixed objects or structures during transportation and in court.”[12]
We find the indiscriminate shackling of children in Florida courtrooms as described in the NJDC’s Assessment repugnant, degrading, humiliating, and contrary to the stated primary purposes of the juvenile justice system and to the principles of therapeutic justice, a concept which this Court has previously acknowledged. See In re Report of Family Court Steering Committee, 794 So.2d 518, 523 (Fla.2001) (approving guiding principles for family court, including that “therapeutic justice” should be a key part of the family court process). We also recognize, without deciding, that indiscriminate use of restraints on children in the courtroom in juvenile delinquency proceedings may violate the children’s due process rights and infringe on their right to counsel. We agree with the proponents of this amendment that the presumption should be that children are not restrained when appearing in court and that restraints may be used only upon *557 an individualized determination that such restraint is necessary. Accordingly, we amend rule 8.100 as proposed by the Committee.
Next, rule 8.115 (Disposition Hearing) is amended to specifically provide, in new subdivision (b), that counsel be appointed at disposition hearings. This is in response to the NJDC’s recommendation that youth should be represented at all court hearings and throughout the entire delinquency process. It also conforms to section 985.033(1), Florida Statutes (2008), which requires that a child be represented at all stages of the delinquency proceeding unless counsel is waived. The Committee also recommended that rule 8.115 be amended to require that a disposition order “give[] credit for time served in secure detention before disposition.” This is in response to the Court’s referral of an issue regarding such credit in J.I.S. v. State, 930 So.2d 587 (Fla.2006). In that case, the Court held that juveniles whose dispositions are to determinate commitment programs must be granted credit for time served in secure detention, but those whose dispositions are to indeterminate commitment programs are not entitled to such credit. Id. at 596. The Court also addressed the question of whether a commitment order should specify the amount of predisposition time served, even on an indeterminate commitment on which there is no right to credit for the time served. Id. at 596-97. The Court noted that such a notation may be beneficial if the original commitment is later reduced and may be helpful to the Department of Juvenile Justice in structuring a commitment or post-release program or determining when the juvenile offender has completed a program. Id. Thus, the Court referred the matter to the Committee “to determine whether we should adopt a rule requiring the notation [of predisposition time served in secure detention] on all residential commitment orders.” Id. at 597. Because, .as explained in J.I.S., entitlement to credit for time served in secure detention prior to commitment is dependent upon whether the commitment is determinate or indeterminate and, thus, not all disposition orders must necessarily grant credit for such time, we modify the language of the proposed amendment to require that a disposition order “specify” the amount of time served in secure detention before disposition.
Rule 8.130 (Motion for Rehearing), applicable in delinquency cases, and rule 8.265 (Motion for Rehearing), applicable in dependency and termination of parental rights cases, are each amended, although in different ways, to remedy the fact that under the current rules, a motion for rehearing does not toll the time for taking an appeal in juvenile proceedings and, thus, litigants may be forced to abandon such motions if they are not ruled upon before the thirty-day time period to seek an appeal expires. In order to address this problem, rule 8.130(b)(3) is amended to provide that a motion for rehearing shall toll the time for taking an appeal. Rule 8.265 is amended to state that the court must rule on a motion for rehearing within ten days or it is deemed denied. We agree with the Committee that these changes strike the appropriate balance in each situation.
Rules 8.235 (Motions) and 8.310 (Dependency Petitions) are amended to clarify and account for the possibility of the dismissal of only certain allegations in a dependency petition, as opposed to the entire petition.[13] The current rules address only *558 the dismissal of the entire petition, and the Committee advises that under current practice, fewer than all of the allegations in a petition may be dismissed. This amendment is intended simply to reflect the current practice that is not specifically provided for in the rules.
Next, rule 8.257 currently requires a party to provide a transcript when moving for exceptions to the general magistrate’s report. Subdivisions (b)(3)(A), (e)(2), and (g) of this rule are amended to allow a party to provide a either a transcript, an “electronic recording of proceedings,” or a “stipulation by the parties of the evidence considered” by the magistrate. This is intended to save costs and reduce delay in the resolution of the exceptions and entry of the final order. In adopting this amendment, however, we wish to emphasize that allowing use of an electronic recording or stipulation in lieu of a written transcript for this limited purpose is not intended in any way to alter the definition of the “official record” of a proceeding, which is the written transcript prepared in accordance with Florida Rule of Judicial Administration 2.535(f). See Fla. R. Jud. Admin. 2.535(a)(6) (defining “official record”).
Next, section 39.6011, Florida Statutes (2008), requires the Department of Children and Families to develop and file with the court a case plan for each child receiving services. In accordance with this requirement, rule 8.400 (Case Plan Development) is amended to require that a case plan be filed and served on the parties three business days before a disposition or case plan review hearing. Additionally, rule 8.410 (Approval of Case Plans) is amended to require the court to review the contents of the case plan at the disposition or case plan review hearing.
Rule 8.505 governs process and service of process in termination of parental rights proceedings, including constructive service. Subdivision 8.505(c) is amended to provide that a notice of action for service by publication shall contain only the initials of the child, the child’s date of birth, and the full name and last known address of the person subject to the notice. This amendment further clarifies that the notice shall not contain any other identifying information about the child and shall not contain the name or any other identifying information of the other parent or prospective parents who are not the subject of the notice. This is intended to prevent the publication of confidential information. Additionally, new form 8.982 (Notice of Action for Advisory Hearing) is adopted in accord with the requirements of amended rule 8.505.
Finally, section 1009.25(2)(c), Florida Statutes (2008), provides a tuition and fees exemption, under certain circumstances, for students in DCF’s or a relative’s custody when they turn eighteen or who were adopted from DCF or placed in a guardianship after spending at least six months in DCF custody after turning sixteen. *559 New form 8.978(a) (Order Concerning Youth’s Eligibility for Florida’s Tuition and Fee Exemption) is adopted to provide a form order to be entered by a court certifying a youth’s eligibility for this tuition and fee exemption.
CONCLUSION
Accordingly, the Florida Rules of Juvenile Procedure are hereby amended as set forth in the appendix to this opinion. New language is underscored; deleted language is struck through. The amendments shall become effective on January 1, 2010, at 12:01 a.m.
It is so ordered.
QUINCE, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.

. The Committee's report also responds to the Court’s request that it consider the issue of the appropriate procedure to raise an ineffective assistance of counsel claim in termination of parental rights cases. The Committee does not present any proposal on this issue and states that after consideration and discussion, it feels that the issue is outside the scope of its purview. This “no action” response has been severed from this case and is being addressed separately.

. Patricia Puritz & Cathryn Crawford, Florida: An Assessment of Access to Counsel & Quality of Representation in Delinquency Proceedings (2006) (on file with National Juvenile *554 Defender Center), available at http://www. njdc.info/pdf/Florida% 20Assessment.pdf.

.The Core Recommendations were as follows:
1. State legislators and local policymakers should increase the resources that are available to improve delinquency representation in juvenile court. Those resources should include support for attorneys and non-lawyers with special expertise in case planning and representation and other necessary support staff.
2. The elected Public Defenders should ensure that youth are competently represented by defense counsel at all court hearings and throughout the entire delinquency process.
3. Further restrictions on waiver of counsel must be established consistent with national standards. Youth should not be permitted to waive counsel without prior consultation with such counsel. Counsel should assist the client in making an informed, knowing and voluntary choice and stand-by counsel should be available in the event of waiver. It is imperative that youth understand the long term consequences of a juvenile adjudication.
4. Judicial colloquies and admonitions administered to youth must be thorough, comprehensive and easily understood. Judges should take the time to fully test a youth's understanding.
5. A comprehensive review of indigence determinations and other fees assessed in juvenile court should be undertaken. The lack of consistency and uniformity is glaring. These costs and fees are punitive in nature and place an undue burden on youth.
6. State legislators, local policymakers, and juvenile court judges should end the practice of shackling youth by hand, foot and belly chain for court appearances unless an extenuating individual situation warrants such restraint. Under any circumstance, the practice of shackling youth to each other in a group or to fixed objects in the courtroom should be strictly prohibited.
7. The quality of representation in juvenile court should be improved through early appointment of counsel, reduced defender caseloads, additional lawyer training and adequate supervision and monitoring of cases in juvenile court. The Florida Public Defender Association should develop the capacity to monitor and improve the delivery of juvenile defense services to comply with these recommendations.
8. Florida should establish a minimum age for juvenile court jurisdiction and children under twelve should be diverted from juvenile court. Young children under twelve should never be handcuffed or booked in the same manner as older youth.
9. Local courts, law schools or bar associations should routinely collect data on defense representation in juvenile court to identify and address systemic weaknesses.
10. Plea agreements should never be taken at arraignment in juvenile court. Defense counsel must have a meaningful opportunity to consult with the youth, explain potential short- and long-term consequences of a conviction, and review the sufficiency of the case prior to the court accepting a plea agreement.
Id. at 66-67.

. We reject only one of the Committee’s proposals, the amendments to rule 8.225 (Process, Diligent Searches, and Service of Pleadings), that would eliminate the use of mail to serve summonses and other process on persons residing out of state. We agree with the comments of the Department of Children and Families that the proposal would not achieve its stated objective of achieving consistency in the manner of service and ignores the practical considerations of serving out of state residents.

. Puritz & Crawford, supra note 4, at 66.

. Id.

. Other minor amendments are also made to rules 8.010, 8.070, and 8.080. Rule 8.010 is amended to conform to the statutory requirement that a detained child be given a hearing within twenty-four hours of being detained; rules 8.070 and 8.080 are amended conform them to their counterpart adult criminal rule 3.172.

. Puritz & Crawford, supra note 4, at 66.

. Id. at 57.

. Id. at 57-58.

. Id. at 66.

. Id. at 69.

. In response to comments made by the Department of Children and Families (DCF), the Committee suggested and we adopt a modified version of these amendments. The lan *558 guage originally proposed by the Committee spoke in terms of “allegations in the petition against a particular party.” DCF objected to this language on the basis that allegations in a dependency petition are not "against” any particular party, but rather are allegations that a child is dependent. The Committee agrees and recognizes that a parent is always a party to a dependency action even if there are no allegations which pertain to that parent. See C.L.R. v. Dep’t of Children & Families, 913 So.2d 764 (Fla. 5th DCA 2005) (demonstrating need for clarification that parent remains a party to dependency action even where no allegations pertain to that parent, where father as to whom DCF dismissed allegations was not given notice of subsequent hearings or allowed discovery). Thus, the Committee suggested deleting reference to allegations "against a particular party,” and we adopt the amendments with that modification.