33 So.3d 125 (2010)
In the Interest of E.K., a child.
S.K., Appellant,
v.
Department of Children and Family Services, Guardian Ad Litem Program, and M.F., Appellees.
No. 2D09-3487.
District Court of Appeal of Florida, Second District.
April 28, 2010.
*126 S.K., pro se.
Bernie McCabe, State Attorney, and Jillian Mannino, Assistant State Attorney, Clearwater, for Appellee Department of Children and Family Services.
Jennifer S. Paullin, Tavares, for Appellee Guardian ad Litem Program.
Melissa A. Tartaglia of Tartaglia Law Group, P.A., Port Richey, for Appellee M.F.
VILLANTI, Judge.
S.K., the Father, appeals the trial court's order denying his motion to set aside the final judgment of termination of parental rights. We affirm the trial court's order; however, we write to discuss the problem that still exists for parents seeking to raise claims of ineffective assistance of counsel arising out of termination proceedings and to certify two questions of great public importance on this issue.
The Department of Children and Family Services filed a petition on October 19, 2007, seeking to terminate the Father's parental rights to his son, E.K. The trial court determined that the Father was indigent, and the court appointed counsel to represent the Father during the ensuing termination proceedings. The adjudicatory hearing on the Department's petition was held February 25 and 26, 2008, and the Father's counsel represented him at that hearing. After considering the evidence presented, the trial court terminated the Father's parental rights on April 1, 2008. This court subsequently affirmed the order of termination. See S.K. v. Dep't of Children & Family Servs., 997 So.2d 414 (Fla. 2d DCA 2008) (table decision).
On March 20, 2009, the Father filed a pro se "motion for relief from judgment or orders," asking the trial court to set aside the order of termination based on the alleged ineffective assistance of his trial counsel. The Father filed his motion pursuant to Florida Rule of Juvenile Procedure 8.270(b), which provides for relief from final judgments or orders under certain circumstances. While the Father's motion was pending, the trial court entered a final judgment of adoption as to E.K. Then, after considering written submissions from all of the parties, including the adoptive parent, the trial court denied the Father's motion for relief from judgment. In so doing, the trial court found, inter alia, that rule 8.270(b) was not a proper mechanism through which to raise a claim of ineffective assistance of counsel in a termination proceeding. The Father now appeals this ruling, arguing that the effect of this ruling is to leave him with a right to effective counsel but no mechanism through which to enforce that right, i.e., the proverbial right-without-a-remedy dilemma.
We agree with the trial court that rule 8.270 is not the proper mechanism through which a parent may present a *127 claim for ineffective assistance of counsel in a termination proceeding. Under rule 8.270, a parent may be entitled to relief from a termination judgment, but only for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect.
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party.
(4) That the order or judgment or any part thereof is void.
Fla. R. Juv. P. 8.270(b). The court may also fix clerical mistakes in judgments under rule 8.270(a).
Here, the Father's motion for relief did not allege that there are clerical mistakes in the judgment. Further, his motion did not contain any allegations concerning any of the enumerated grounds for setting aside the termination judgment found in rule 8.270(b). Instead, all of the claims raised in the Father's motion addressed procedural and evidentiary problems that arose during the original termination proceeding and the alleged ineffective assistance of his appointed counsel in dealing with those problems. Because these claims do not present a cognizable basis for relief under rule 8.270, the trial court properly denied the Father's motion.
Despite this affirmance, we write to point out the inequitycreated by the courtsthat exists in giving the Father a right to effective appointed counsel but leaving him with no means by which to enforce that right. The issue of how to properly pursue a claim of ineffective assistance of counsel arising out of a termination of parental rights proceeding has been confounding the Florida courts for several years. Although the supreme court has not explicitly said so, it appears that a parent who is constitutionally entitled to appointed counsel in a termination proceeding is implicitly entitled to effective assistance of counsel. See, e.g., In the Interest of E.H., 609 So.2d 1289, 1290 (Fla. 1992); cf. S.B. v. Dep't of Children & Families, 851 So.2d 689, 693-94 (Fla.2003) (distinguishing between dependency cases and termination cases and pointing out that when "there is no constitutional right to counsel ... there is no right to collaterally challenge the effectiveness of counsel"). The primary problem is the lack of an appropriate procedural mechanism through which parents can enforce this right when counsel is ineffective.
Faced with this problem, the courts have considered three means by which such a claim could be raised: direct appeal, a posttrial motion authorized by the rules, or a petition for writ of habeas corpus. As discussed above, rule 8.270(b) does not provide a means of relief because claims of ineffective assistance of counsel cannot be shoehorned into any of the rule's provisions. In addition, no other more appropriate rule of juvenile or appellate procedure currently exists. Similarly, the courts have noted that direct appeal is not usually an effective mechanism through which to raise the issue of ineffective assistance of counsel because relief is available on direct appeal only when the ineffectiveness is apparent on the face of the record. See L.H. v. Dep't of Children & Families, 995 So.2d 583, 583 (Fla. 5th DCA 2008). Since that is rarely the case, direct appeal is not usually a viable mechanism for raising such claims.
Absent some wholly new approach to the issue, this leaves only the possibility of using a petition for writ of habeas corpus as the means to enforce the right to effective *128 assistance of counsel in termination cases. The supreme court has permitted a parent to use a habeas petition to obtain a belated appeal in a termination of parental rights proceeding based on counsel's ineffectiveness for failing to file a timely notice of appeal. See E.H., 609 So.2d at 1291. In doing so, the court explained:
The writ of habeas corpus was designed as a speedy method of affording a judicial inquiry into the cause of the alleged unlawful custody of an individual. State ex rel. Paine v. Paine, 166 So.2d 708 (Fla. 3d DCA 1964). For that reason, habeas corpus has been authorized as a remedy for ascertaining a parent's right to custody of his or her children. Id. We hold that the parent's petition for writ of habeas corpus should be filed with the trial court. This will permit a resolution of any factual issues as well as any defenses including those predicated upon laches.
Id. at 1290-91.
Based on this language, it would seem that a parent could raise the issue of ineffective assistance of counsel by filing a petition for writ of habeas corpus in the trial court. However, in E.T. v. State, Department of Children & Families, 930 So.2d 721 (Fla. 4th DCA 2006), a divided panel of the Fourth District rejected this procedure. After an exhaustive review of the law on this issue across all fifty states, the Fourth District noted that only one stateCaliforniapermitted such claims to be raised by habeas petition. Id. at 727. Other states had specifically rejected habeas as a method for addressing these claims. Id. The Fourth District sided with those states that have rejected habeas as a proper method for raising this type of claim, explaining:
[T]he perils inherent in the use of habeas corpus petitions, such as unlimited time to file the petition, the lack of any identified rules, the proper burden of proof, and the proper parties to such a petition, lead us to conclude that any attack on the effectiveness of counsel must come in the form of a direct appeal or a post-trial motion authorized by the rules.
Id. at 728. The court recognized that both of these methodsdirect appeal and posttrial motionpresented "obstacles." Id. As to direct appeal, there is frequently not a sufficient record to establish that counsel was ineffective. Id. The court noted that "nearly all states that permit ineffectiveness of counsel claims to be raised on direct appeal have developed procedural rules to allow for additional fact finding if necessary." Id. However, Florida has no such rules. Further, at this time, there is no "post-trial motion authorized by the rules" in Florida that would allow parents to raise a claim of ineffective assistance of counsel. Id. Despite recognizing that parents have a right without an effective remedy, the Fourth District concluded:
Neither our legislature nor our judicial system has authorized the use of a petition for habeas corpus for ineffective assistance of counsel claims in termination of parental rights cases nor have they created an alternative mechanism to pursue such a claim, a fact acknowledged by the father. It is not our place to legislate or promulgate.
Id. at 729. Thus, the Fourth District held that the father's habeas petition was properly denied, and it certified two questions to the supreme court asking it to address the proper mechanism for pursuing a claim of ineffective assistance of counsel in a termination of parental rights proceeding. Id.
In his dissent, Chief Judge Stevenson posited that habeas was an appropriate method for raising this type of claim. Judge Stevenson cited the supreme court's *129 decision in E.H. as supporting this proposition. He then explained:
In my view, E.H. supports the proposition that the writ of habeas corpus can be an appropriate vehicle in which to bring a claim of ineffective assistance of counsel in a TPR case even where, as here, the alleged deficiency is not as obvious as the failure to file a notice of appeal. Indeed, the absence of authorized post-trial motions for these types of claims makes the case for habeas corpus even more compelling. Until supplanted by rule, habeas corpus was the recognized means by which to challenge the effectiveness of counsel in criminal cases. See Roy v. Wainwright, 151 So.2d 825 (Fla.1963); see also Fla. R.Crim. P. 3.850; Fla. R.App. P. 9.141(c). Recently, the First District noted that there were no procedural rules available and held that a petition for writ of habeas corpus was the appropriate way to assert an ineffective assistance of counsel claim in an involuntary commitment case under the Jimmy Ryce Act[.]
Id. at 730 (Stevenson, C.J., dissenting). Judge Stevenson noted that by filing a habeas petition in the trial court, the parent would have a vehicle available to present evidence to support the ineffective assistance claima vehicle not available if the issue is raised on direct appeal. Id. at 731. Further, he noted that the supreme court could establish reasonable time limits for filing such petitions to avoid the concerns about the otherwise unlimited time inherent in seeking habeas relief. Id.
The supreme court accepted review of E.T. based on the certified questions of great public importance. See E.T. v. State, 957 So.2d 559 (Fla.2007). However, the court then found that because the children had already been adopted, E.T.'s case was moot.[1] Therefore, the court exercised its discretion and chose not to address the certified questions. Instead, it referred "[t]he issue of ineffective assistance of counsel claims in termination of parental rights cases ... to the Juvenile Court Rules Committee and the Appellate Court Rules Committee for consideration of a rule to address such claims." Id. at 559-60.
After the supreme court's decision not to review E.T., the Fifth District certified the same questions of great public importance in L.H., 995 So.2d at 585. In that case, the mother attempted to raise her claims of ineffective assistance of counsel on direct appeal, but she admitted that her claims were not apparent from the face of the record. Id. at 583. The Fifth District affirmed the denial of her claims on this basis but pointed out the injustice inherent in having no effective mechanism by which parents can vindicate their constitutional right to effective assistance of counsel in termination proceedings. Id. at 584. In doing so, the court stated:
Because Florida law provides no specific mechanism for challenging the effectiveness of counsel in a termination *130 case, a parent must employ one of the procedures available in civil cases, such as direct appeal or a post-trial motion authorized by the rules, but as this case demonstrates, those procedures are lacking.
Id. The Fifth District then certified the same questions as previously certified by the Fourth District in E.T. However, the supreme court declined review, see Dep't of Children & Families v. L.H., 3 So.3d 1246 (Fla.2009) (table decision), presumably because the rules committee was reviewing the issue pursuant to the court's directions in E.T.
Despite having requested the rules committee to address this problem, on December 17, 2009, the supreme court adopted amendments to the rules of juvenile procedure that did not include any mechanism for addressing claims of ineffective assistance of counsel in termination proceedings. See In re Amendments to the Fla. Rules of Juvenile Procedure, 26 So.3d 552 (Fla.2009). In that opinion, the court addressed the omission of any amendment to the rules regarding such claims, stating:
The Committee's report also responds to the Court's request that it consider the issue of the appropriate procedure to raise an ineffective assistance of counsel claim in termination of parental rights cases. The Committee does not present any proposal on this issue and states that after consideration and discussion, it feels that the issue is outside the scope of its purview. This "no action" response has been severed from this case and is being addressed separately.
Id. at 553 n. 1. Thus, the rules committee has declined to address the issue, and so has the supreme court.
Turning back to this case, we note that the current state of Florida law requires us to affirm the denial of the Father's motion. However, because we recognize the unfairness inherent in the Father's having a right with no remedy, we certify the same questions of great public importance as were certified in E.T. and L.H. concerning the proper procedural mechanism for raising this type of claim:
1. DOES FLORIDA RECOGNIZE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING FROM A LAWYER'S REPRESENTATION OF A PARENT IN A PROCEEDING FOR THE TERMINATION OF PARENTAL RIGHTS?
2. IF SO, WHAT PROCEDURE MUST BE FOLLOWED TO PURSUE A CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL?
Affirmed; questions certified.
WHATLEY, J., Concurs.
MORRIS, J., Concurs specially.
NOTES
[1] In this appeal, the adoptive parent asserts that the Father's appeal is likewise moot because E.K. has been adopted, citing the supreme court's holding in E.T., 957 So.2d at 559. However, we note that in E.T., the trial court denied the father's pending habeas petition before it granted the adoption petition. See E.T., 930 So.2d at 725. Here on the other hand, the trial court granted the adoption petition while the Father's motion was pending. While we make no ruling on this issue, we note that a trial court should not be permitted to moot a parent's pending motion or petition raising ineffective assistance of counsel by granting an adoption petition before it rules on the pending motion. Instead, the trial court should dispose of all pending motions or petitions directed to the termination judgment before granting an adoption petition.