DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**M.K.,** the father,
Appellant,

v.

**DEPARTMENT OF CHILDREN AND FAMILIES**
and **GUARDIAN AD LITEM,**
Appellees.

No. 4D20-1930

[March 17, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alberto Ribas, Jr., Judge; L.T. Case No. 17-1055-CJ-DP.

Marc Anthony Douthit of Douthit Law, LLC, Miami Lakes, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Carolyn Schwarz, Assistant Attorney General, Office of the Attorney General, Children's Legal Services, Fort Lauderdale, for appellee Department of Children and Families.

Thomasina F. Moore, Statewide Director of Appeals, and Samantha C. Valley, Senior Attorney, Florida Statewide Guardian ad Litem Office, for appellee Guardian ad Litem.

WARNER, J.

We affirm the final judgment terminating appellant's parental rights to his child. He argues that the court erred in denying his verified motion to dismiss filed pursuant to Florida Rule of Juvenile Procedure 8.235(c) (2020), and that competent substantial evidence does not support the grounds for termination. We hold that rule 8.235(c) does not apply to termination proceedings. We further conclude that competent substantial evidence supported termination. We thus affirm.

Appellant argues that the court erred in failing to grant his verified motion to dismiss the petition, which he brought pursuant to Florida Rule of Juvenile Procedure 8.235(c). That section of the rule provides in pertinent part: "(c) Sworn Motion to Dismiss. Before the adjudicatory

hearing the court may entertain a motion to dismiss the petition or allegations in the petition on the ground that there are no material disputed facts and the undisputed facts do not establish a *prima facie case of dependency*." Fla. R. Juv. P. 8.235(c) (emphasis added). A committee note on the rule explains that "[t]his rule allows any party to move for dismissal based on the grounds that there are no material facts in dispute and that these facts are not legally sufficient to prove *dependency*. Fla. R. Juv. P. 8.235 committee notes (emphasis added). In the notes from when the rule was last amended in 2009, the supreme court stated "Rules 8.235 (Motions) and 8.310 (Dependency Petitions) are amended to clarify and account for the possibility of the dismissal of only certain allegations *in a dependency petition* . . . ." *In re Amendments to the Fla. Rules of Juvenile Procedure*, 26 So. 3d 552, 557 (Fla. 2009) (emphasis added).

Construction of a procedural rule, like rule 8.235(c), is in accordance with the principles of statutory construction. *See Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1121–24 (Fla. 2008) (applying the rules of statutory construction to a rule of civil procedure). "The first [canon of statutory construction] is the well-established rule that [the courts] are not at liberty to add to a statute words that the Legislature itself has not used in drafting that statute." *Villanueva v. State*, 200 So. 3d 47, 52 (Fla. 2016) (citing *Lawnwood Med. Ctr., Inc. v. Seeger*, 990 So. 2d 503, 512 (Fla. 2008)).

Petitions to terminate parental rights are omitted from the specific terms of rule 8.235(c). To include them in the rule would require adding words to the rule that the supreme court and the rules committee did not elect to add. Accordingly, based upon the rules of construction, a petition to terminate parental rights is not subject to a motion to dismiss pursuant to rule 8.235(c). Therefore, in this case, the court's consideration of appellant's motion to dismiss would fall under rule 8.235(b). As such, the court's examination was limited to the four corners of the termination petition and all well-pled allegations were to be taken as true. *See Dep't of Children & Families v. R.V.*, 917 So. 2d 334, 335 (Fla. 5th DCA 2005). We conclude that the court did not err in denying the motion.

A review of the record shows that competent substantial evidence supported the trial court's finding that clear and convincing evidence proved that the father had failed to substantially comply with his case plan in violation of section 39.806(1)(e)1., Florida Statutes (2019). "Substantial compliance' is [a] term of art defined by statute" such that the "'circumstances which caused the creation of the case plan have been significantly remedied[.]'" *Q.L. v. Dep't of Children & Families*, 280 So. 3d

107, 116 (Fla. 4th DCA 2019) (quoting § 39.01(77), Fla. Stat. (2016)).[1] Applying that definition, the court's determination that appellant failed to comply with his case plan is amply supported by the evidence.

*Affirmed.*

DAMOORGIAN and FORST, JJ., concur.

*     *     *

**_Not final until disposition of timely filed motion for rehearing._**

---

[1] Section 39.01(84), Florida Statutes (2019), provides the same definition of "[s]ubstantial compliance" as its predecessor cited in *Q.L.*